Kevin T. Snider, CA State Bar No. 170988
*Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org;
mmcreynolds@pji.org;
mmatchak@pji.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ, MARY ENGLER-CONTRERAS, RHIANNON DOYLE, SUSAN RICHARDSON, JONATHAN CASTANEDA, JAMES GILHEANY, PHI LE, GEMA ESPINOZA-CARR, AVIN CURRY on behalf of themselves and all other similarly situated persons, Plaintiffs, v. SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100, Defendants. | Case No.: **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** CLASS ACTION [Demand for Jury Trial] |

## INTRODUCTION

1.    This is a complaint for employment discrimination brought as a class action by employees holding religious convictions against the SARS-CoV-2 (COVID-19) vaccine.  Two hundred and four (204) employees requested medical or religious

exemptions from their employer, San Francisco Bay Area Rapid Transit District (BART), from COVID-19 vaccination.  One in three employees requesting medical exemptions were granted an accommodation.  Of the 179 religious objector employees, not one received an accommodation.  Exclusion of religious people from the enjoyment of a right stands in violation of the First Amendment's religion clauses and federal and state anti-discrimination in employment laws.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the U.S. Constitution and laws of the United States. This action presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4).  The Court also has jurisdiction under 42 U.S.C. § 2000-e5(f)(3).  Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threated to occur in this jurisdictional district and division.  The Defendant's principal place of business is in this district.

3.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-02, Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

## PARTIES

### Plaintiffs

4.      Plaintiff, GABRIEL CHAVEZ, was employed by BART as a Building Worker.  CHAVEZ has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  CHAVEZ submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA).  CHAVEZ utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs,

accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  CHAVEZ declined to be vaccinated and was thus fired.  CHAVEZ has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC).  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  CHAVEZ sues on behalf of himself and on behalf of others similarly situated.  CHAVEZ is the Plaintiff Class representative.

5.     Plaintiff, MARY ENGLER-CONTRERAS, was employed by BART as a Senior Operations Supervisor Liaison.  ENGLER-CONTRERAS has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith.  ENGLER-CONTRERAS submitted a written request for a religious accommodation under Title VII and FEHA.  ENGLER-CONTRERAS utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  ENGLER-CONTRERAS declined to be vaccinated and was thus fired.  ENGLER-CONTRERAS has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A

true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. ENGLER-CONTRERAS sues on behalf of herself and on behalf of others similarly situated. She is the first alternate Plaintiff Class representative.

6. Plaintiff, RHIANNON DOYLE, was employed by BART as an Administrative CSO. DOYLE has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. DOYLE submitted a written request for a religious accommodation under Title VII and FEHA. DOYLE utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. Her beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. DOYLE declined to be vaccinated and was thus fired. DOYLE has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. DOYLE sues on behalf of herself and on behalf of others similarly situated. She is the second alternate Plaintiff Class representative.

7. Plaintiff, SUSAN RICHARDSON, was employed by BART as a Full Time Station Agent. RICHARDSON has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. RICHARDSON submitted a written request for a religious accommodation under Title VII and FEHA. RICHARDSON utilized BART'S form entitled *Employee Request*

*for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held. BART granted the exemption, but in a letter dated December 20, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  RICHARDSON declined to be vaccinated and was thus fired.  RICHARDSON has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. RICHARDSON sues on behalf of herself and on behalf of others similarly situated. She is the third alternate Plaintiff Class representative.

8.      Plaintiff, JONATHAN CASTANEDA, was employed by BART as an AFC Electronics Technician.  CASTANEDA, has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. CASTANEDA, submitted a written request for a religious accommodation under Title VII and FEHA.  CASTANEDA, utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  CASTANEDA declined to be vaccinated and was forced to resign.  CASTANEDA, has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A

true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. CASTANEDA, sues on behalf of himself and on behalf of others similarly situated. He is the fourth alternate Plaintiff Class representative.

9.     Plaintiff, JAMES GILHEANY, was employed by BART as a Manager of Technology Programs.  GILHEANY has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  GILHEANY submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA).  GILHEANY utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 18, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  GILHEANY declined to be vaccinated and was thus fired.  GILHEANY has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC).  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  GILHEANY sues on behalf of himself and on behalf of others similarly situated.  GILHEANY is the fifth alternate Plaintiff Class representative.

10.     Plaintiff, PHI LE, was employed by BART as a Community Service Officer.  LE has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  LE submitted a written request for a religious accommodation under Title VII and the California Fair Employment and

Housing Act (FEHA).  LE utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  LE declined to be vaccinated and was thus fired.  LE has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC).  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  LE sues on behalf of himself and on behalf of others similarly situated.  LE is the sixth alternate Plaintiff Class representative.

11.     Plaintiff, GEMA ESPINOZA-CARR, was employed by BART as a Station Agent.  ESPINOZA-CARR has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith.  ESPINOZA-CARR submitted a written request for a religious accommodation under Title VII and FEHA.  ESPINOZA-CARR utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 8, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  ESPINOZA-CARR declined to be vaccinated and was thus fired.  ESPINOZA-CARR has exhausted

administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. ESPINOZA-CARR sues on behalf of herself and on behalf of others similarly situated.  She is the seventh alternate Plaintiff Class representative.

12.     Plaintiff, AVIN CURRY, was employed by BART as a Police Officer. CURRY has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  CURRY submitted a written request for a religious accommodation under Title VII and FEHA.  CURRY utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 27, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  CURRY declined to be vaccinated and was forced into early retirement a day before being fired.  ESPINOZA-CARR has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  CURRY sues on behalf of himself and on behalf of others similarly situated.  He is the eighth alternate Plaintiff Class representative.

## Defendants

13.     Defendant, SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, was established as a special district in 1957 and is a heavy-rail public

transit system that connects the San Francisco Peninsula with communities in the East Bay and South Bay. BART began service in 1972.

14.     The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is in some way responsible for, or participated in or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## **CLASS ACTION ALLEGATIONS**

15.     Plaintiffs, GABRIEL CHAVEZ, MARY ENGLER-CONTRERAS, RHIANNON DOYLE, SUSAN RICHARDSON, JONATHAN CASTANEDA, JAMES GILHEANY, PHI LE, GEMA ESPINOZA-CARR and AVIN CURRY (each a Plaintiff and, together, the named Plaintiffs), bring this action for a class of persons defined as follows: All employees presently or previously employed by BART (1) who have been ordered to submit to a COVID-19 vaccination, (2) who have submitted a written request for a religious exemption, and (3) who were not granted a religious accommodation.

16.     These persons are collectively referred to as the Plaintiff Class.

17.     The proposed Plaintiff Class satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party under FRCP 23:

    A. **Numerosity**: The proposed Plaintiff Class is comprised of approximately 179 current or former employees of BART.

B. **Commonality**: There are questions of law and fact common to each member of the proposed Plaintiff Class, to wit:

(1)  Whether the universal denial of accommodations to those submitting requests for a religious exemption to vaccination against COVID-19 was lawful under federal and state employment laws when the employer simultaneously allowed *secular* accommodations for the unvaccinated;

(2) Whether BART's standardized process of inquiring into the sincerity of the faith of any employee who requests religious accommodation is consistent with federal employment laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII), and state employment laws, including the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq. (FEHA); and

(3)  Whether BART's standardized process of inquiring into the sincerity of the faith of any employee who requests religious accommodation is consistent with the religion clauses enumerated in the First Amendment.

C.  **Typicality**: The named Plaintiffs' claims are typical of the Plaintiff Class in that (1) all named Plaintiffs hold religious beliefs that compel them not to receive the COVID-19 vaccine; (2) they have claimed sincerity of their religious beliefs; (3) they have submitted written requests for religious accommodation; and (4) their requests have been denied.

D. **Adequacy of Representation**: The named Plaintiffs will fairly and adequately protect the interests of the proposed Plaintiff Class.  The interests of the named Plaintiffs do not conflict with the interests of

the Plaintiff Class members, and the named Plaintiffs have retained counsel experienced in successful class action litigation and constitutional litigation in order to vigorously prosecute this action on behalf of the Plaintiff Class.  The relief sought by the named Plaintiffs will inure to the benefit of the Plaintiff Class generally.

E.  The named Plaintiffs raise predominantly common factual and legal questions that can be answered for all Plaintiff Class members through a single class-wide proceeding, which will be a superior method for adjudicating these issues for the Plaintiff Class.

## **FACTS**

18.    On October 14, 2021, BART issued a COVID-19 Vaccination Policy requiring all employees to be fully vaccinated as a condition of employment.

19.    Per the requirements of state and federal anti-discrimination in employment laws, BART employees were given an opportunity to request either a medical or religious exemption to COVID-19 vaccination.  If an exemption was granted, then BART determined whether to provide a reasonable accommodation.

20.    Between October 14, 2021, and February 16, 2022, 204 BART employees requested either religious or medical exemptions to COVID-19 vaccination.  A true and correct copy of the table showing the number of employees seeking exemptions and the results of said requests accompanies this Complaint, is incorporated in full, and is marked as Exhibit 4.

21.    Of those, 25 employees requested medical exemptions to COVID-19 vaccination.  None or 1 in 3—employees requesting a medical exemption were given an accommodation by BART. *See* Exhibit 4.

22.    Approximately 179 employees submitted requests to be exempted from COVID-19 vaccination due to their sincerely held religious beliefs.  Seventy of these

employees were granted a religious **exemption**.  However, 109 employees' requests for religious exemption were denied.  *Id.*

23.     Of the 70 remaining employees granted a religious exemption, not one employee with faith-based convictions against COVID-19 vaccination was given a religious **accommodation**.  No matter what any religious employee suggested as an accommodation, it was never good enough.

24.     The named Plaintiffs and the individual members of the Plaintiff Class have each submitted a written request for a religious accommodation in order to be exempted from COVID-19 vaccination.  Like the rest of the Plaintiff Class, they affirmatively assert that their religious convictions against taking the COVID-19 vaccination are sincerely held.

25.     Generally, an employer should proceed on the assumption that a request for religious accommodation is based on sincerely held religious beliefs, practices, or observances.  BART has turned this standard on its head.  Instead, BART instituted a detailed probe into the sincerity of the faith of its employees in which 61 percent received a failing grade.

26.     BART utilized an interviewer question template entitled *Religious Exemption Interviews* (*Question Template*).  A true and correct copy of the *Question Template* accompanies this Complaint and is incorporated in full and marked as Exhibit 5.

27.     The *Question Template* began with four boxes for the interviewer which appeared as follows:

> EEOC factors:
> ☐ The reasons cited in support of the request were primarily for secular/non-religious reasons.
> ☐ A clear nexus between the request and the stated religious beliefs was not established.
> ☐ Evidence of behaviors inconsistent with adherence to the stated beliefs exists.

☐ The timing of your request as it relates to adoption of the stated beliefs. *Id.*

28. The interviewer then asks the employee five questions:

1. Can you just tell us briefly about your sincerely held belief?
2. Can you tell us in your own words why taking COVID-19 vaccine is contrary to your religious belief?
3. What do you think will happen to you if you take the COVID-19 vaccine?
4. Can you provide us other examples of how this religious belief is demonstrated in other aspects of your life?
5. You refuse to take the COVID-19 vaccine because of the alleged use of aborted fetal cells in the creation of the vaccine. Research on this topic has revealed some cosmetic and over-the-counter medicines may use the same process as the COVID-19 vaccine. Are you aware of this? Tell me how else you demonstrate the same pre-cautions in your life. *Id.*

29. The third question, which asks, "What do you think will happen to you if you take the COVID-19 vaccine," is, charitably, ambiguous at best and possibly calculated to mislead the employee. Does this interrogatory seek to elicit an answer based in doctrine or theology? By way of examples, "I will have a guilty conscience." "I will be committing a sin." "I will deny my faith." "I will spend eternity in hell." On the other hand, is the question seeking a social, emotional, or physical response? Consider these examples. "My wife will divorce me as a coward without principle." "I'll lose my bodily autonomy." "I'll get sick or die." The employee has little or no idea which direction will lead to a denial or approval.

30. The protocol and standardized forms used by HR evaluators comprise a detailed, individualized assessment, giving broad discretion to an evaluator.

31. The evaluators use a document entitled RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination). A true and correct copy of the RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination) accompanies this Complaint and is incorporated in full and marked as Exhibit 6. The form has

evaluators engage in an individualized assessment in which they ask the following questions:

- "Is there evidence that the employee has acted in a way that is inconsistent with the claimed belief."
- "Is there evidence the employee is seeking a benefit or an exception that is likely to be sought for nonreligious reasons?"
- "Is the timing of the request considered questionable?"
- "Is there evidence the employee may be seeking the benefit for secular reasons?"

32.     After denying every request for an accommodation coming from a religious objector to the vaccination, BART gave these employees an ultimatum:

- Comply with the vaccination mandate;
- Retire if qualified;
- Resign;
- Do nothing and be terminated. *See* Exhibit 2.

33.     The ultimatum required the Plaintiff Class to choose between their employment and their faith.  Unless an employee was vaccinated, the employee was either forced into early retirement, constructively discharged by forced resignation, or simply terminated.

*Centers for Disease Control Statements*

34.     In a published statement, the federal Centers for Disease Control and Prevention (CDC) stated that the Delta variant resulted in similarly high COVID-19 viral loads in vaccinated and unvaccinated people.[1]  CDC Director Rochelle Walensky has confirmed that COVID-19-positive individuals carry the same "viral load"

---

[1] Statement from CDC Director Rochelle P. Walensky issued on July 30, 2021, https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html.

(equivalent to the risk of spreading infection) whether they are vaccinated or unvaccinated.[2]

35.     The CDC Director's statement was based on a study in the summer of 2021 which tested vaccinated and unvaccinated persons and found that "[c]ycle threshold values [COVID-19 viral loads] were similar among specimens from patients who were fully vaccinated and those who were not."[3]

36.     Later studies have found that the viral load associated with COVID-19 variants such as Omicron also does not vary based upon vaccination status: "[F]ully vaccinated individuals with breakthrough infections have peak viral load similar to unvaccinated cases and can efficiently transmit infection in household settings, including to fully vaccinated contacts."[4]

37.     In another official statement, the CDC has confirmed those studies and stated that it expects that anyone with an Omicron infection, regardless of vaccination status or whether or not they have symptoms, can spread the virus to others.[5]

38.     Because the viral loads are no different for the vaccinated and the unvaccinated, BART's position that the unvaccinated pose a danger to themselves, coworkers, and the public, but that the vaccinated do not pose this danger, is not consistent with the above-cited statements from the CDC.

_____

[2] *Id.*

[3] "Outbreak of SARS-CoV-2 Infections, Including COVID-19 Vaccine Breakthrough Infections, Associated with Large Public Gatherings — Barnstable County, Massachusetts, July 2021," *Morbidity and Mortality Weekly Report, CDC* (July 30, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7031e2.htm?s_cid=mm7031e2_w.

[4] David W. Eyre, B.M., B.Ch., D.Phil. et al., *Effect of Covid-19 Vaccination on Transmission of Alpha and Delta Variants*, New England J. Med 386:744-756 (February 24, 2022), https://www.nejm.org/doi/full/10.1056/NEJMoa2116597.

[5] "Omicron Variant: What You Need to Know," *CDC* (March 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html.

39.     The CDC spokesperson, Greta Massetti, stated that immunity for the population is now around 95 percent when combining those who have contracted and recovered from COVID-19 with those that have been vaccinated.  As such, "it makes the most sense not to differentiate" between the vaccinated and unvaccinated.[6]

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION
### Violation of Title VII of the Civil Rights Act of 1964
All Plaintiffs Against All Government Defendants
(42 U.S.C. § 2000e)

40.     Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

41.     At all times relevant hereto, Title VII was in full force and effect and was binding on BART.

42.     At all times relevant hereto, the Plaintiffs were performing competently in the positions they held as employees of BART.

43.     Plaintiffs have bona fide religious beliefs that conflict with receiving the COVID-19 vaccination; they have informed their employer of such beliefs.  The Plaintiffs were disciplined for failure to comply with the conflicting employment requirement.

44.     Title VII makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee.

45.     BART failed to provide reasonable alternative means of accommodating the religious belief or observance that was in conflict with the COVID-19 vaccination work requirement.

---

[6] "With new guidance, CDC ends test-to-stay for schools and relaxes COVID rules" NPR (Aug. 11, 2022), https://www.npr.org/sections/health-shots/2022/08/11/1116991600/with-new-guidance-cdc-ends-test-to-stay-for-schools-and-relaxes-covid-rules.

46.     BART granted medical accommodations to vaccination but not a single religious accommodation.  Stated otherwise, religious persons as a class were excluded from accommodation.

47.     An unvaccinated employee exempted for medical reasons poses precisely the same threat as an unvaccinated employee exempted for religious reasons.

48.     There is a dispute between the Plaintiffs and Defendant.  BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiff Class to provide an objective basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree.  Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul.  Belief in what one may demonstrate to the senses is not faith. Plaintiffs assert that Title VII presumes sincerity of belief by an employee, and therefore BART's standardized practice of a rigorous inquisition is an unlawful standard.  The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

## SECOND CAUSE OF ACTION
### RELIGION CLAUSES
### First Amendment to the U.S. Constitution
All Plaintiffs Against All Government Defendants
(42 U.S.C. § 1983)

49.     The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

50.     The right to free exercise of religion is a right protected and guaranteed by the First Amendment of the U.S. Constitution. The liberties under the First

Amendment apply to the states and their political subdivisions through the Fourteenth Amendment.

51.     The actions of BART have been, and continue to be, done under color of law.

52.     The Plaintiffs have sincerely held religious beliefs that compel them to refuse the COVID-19 vaccine.

53.     There are two ways that BART has violated the religious clauses.  These are through the evaluation process which looks for heretics or hypocrites.  The second is by totally excluding religious people from a statutory accommodation to a condition required for employment.

*Total Exclusion of Religious Employees*

54.     BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons.  In contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

55.     The exclusion of employees from a statutory accommodation deprives them of a right because of their status as people of faith.

56.     One third of employees requesting a medical exemption from vaccination received an accommodation, though such an unvaccinated employee poses the same health risk as an unvaccinated religious employee.

*Heretics and Hypocrites*

57.     The protocol that BART evaluators use imposes requirements that stand as hostile to the religious beliefs of the Plaintiff Class and acts in a manner that passes judgment upon, or presupposes the illegitimacy of, religious beliefs and practices. Therefore, the protocol used is not neutral.

58.     BART's detailed probe into the beliefs of the Plaintiff Class exceeds sincerity by determining orthodoxy, verity of beliefs, and hypocrisy.

59.     BART's evaluators are taking on the role that the First Amendment reserves to ecclesiastical courts, not government officials.

60.     There is a dispute between the Plaintiffs and Defendant.  BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiff Class to provide an objective basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree.  Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul.  Belief in what one may demonstrate to the senses is not faith.  The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

61.     BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons.  In contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

62.     The protocol that evaluators of employees seeking a religious exemption constitutes individualized assessments, giving broad discretion to an evaluator, and thus are not neutral and generally applicable.

63.     The vaccination requirement forces the Plaintiff Class to choose between receiving the COVID-19 vaccine in violation of their sincerely held religious beliefs or being fired, forced into retirement, or constructively discharged by pressuring them to resign.

64.     The conduct of BART thus imposes a substantial burden on the Plaintiffs and the Plaintiff Class and interferes with, and deprives them of, the enjoyment of the

religious liberties guaranteed by the First Amendment to the U.S. Constitution, as made applicable to the states through the Fourteenth Amendment.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION
### Violation of the California Fair Employment and Housing Act
All Plaintiffs Against All Government Defendants
(Gov. Code § 12900 et seq.)

65.     The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

66.     At all times relevant hereto, FEHA was in full force and effect and was binding on BART.

67.     BART failed to provide reasonable alternative means of accommodating the religious belief or observance that conflicted with the work requirement, i.e., COVID-19 vaccination.

68.     Accommodating the Plaintiffs does not pose a *significant difficulty or expense* on BART per Gov. Code § 12926(u).

69.     Plaintiffs are entitled to further relief as more fully set forth below in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor, and against the Defendant, for full relief, including the following:

a.     Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of Title VII;

b.     Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of FEHA;

c.      Declaratory judgment that BART's protocol for determining sincerity of faith is in whole, or in part, on its face, and as applied, is violative of the religion clauses of the First Amendment;

d.      Declaratory judgment that BART's protocol individualized assessment for both religious exemptions and accommodation is in whole, or in part, on its face, and as applied, violative of the religion clauses of the First Amendment;

e.      Declaratory judgment that BART's decision not to grant any religious accommodations is violative of the religion clauses of the First Amendment;

f.      Declaratory judgment that providing a religious accommodation does not impose an undue hardship on BART under Title VII;

g.      Declaratory judgment that providing a religious accommodation does not impose a significant difficulty or expense on BART under FEHA;

h.      A preliminary and permanent injunction prohibiting BART's protocol for determining sincerity of faith;

i.      Equitable relief in the form of an order setting aside the denials for accommodation and that the Plaintiff Class receive *de novo* consideration of their accommodation requests;

j.      An award for actual, consequential, and incidental financial losses, including, but not limited to lost back pay, front pay, benefits, lost overtime, and other compensation plus interest;

k.      An award of compensatory damages;

l.      Restoration of employee benefits, including, but not limited to, medical benefits, pensions, and insurance;

m.      Restore vacation days, comp hours, and lost time hours;

n.      Attorneys' fees and costs; and

o.      Any and all other appropriate relief to which the Plaintiffs may be entitled including all "appropriate relief" within the scope of FRCP 54(c).

Dated: October 17, 2022

/s/ Kevin T. Snider
Kevin T. Snider
*Counsel of Record*
Matthew B. McReynolds
Milton E. Matchak
**PACIFIC JUSTICE INSTITUTE**
NORTHERN CALIFORNIA OFFICE
P.O. Box 276600
Sacramento, CA 95827
Tel.  (916) 857-6900
Fax  (916) 857-6902
Email:  ksnider@pji.org
         mmcreynolds@pji.org
         mmatchak@pji.org

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

/s/ Kevin T. Snider
Kevin T. Snider
*Counsel of Record*
Matthew B. McReynolds
Milton E. Matchak

*Attorneys for Plaintiffs*