GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
JAMES M. HANLON, JR., Bar No. 214096
VICTORIA R. NUETZEL, Bar No. 115124
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
OFFICE OF THE GENERAL COUNSEL
SAM N. DAWOOD, Bar No. 178862
2150 Webster Street, 10th Floor
Oakland, CA 94612
Telephone: (510) 464-6015
Facsimile: (510) 464-6049

Attorneys for Defendant
San Francisco Bay Area Rapid Transit District

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ, MARY ENGLER-CONTRERAS, RHIANNON DOYLE, SUSAN RICHARDSON, JONATHAN CASTANEDA, JAMES GILHEANY, PHI LE, GEMA ESPINOZA-CARR, AVIN CURRY on behalf of themselves and all others similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100,<br><br>Defendants. | Case No. 3:22-cv-06119<br><br>**DEFENDANT SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT'S ANSWER TO COMPLAINT**<br><br>CLASS ACTION<br><br>Judge:  William H. Alsup |

Defendant San Francisco Bay Area Rapid Transit District ("BART"), responds to the Complaint for Damages, Declaratory and Injunctive Relief as follows:

**INTRODUCTION**

1. Responding to paragraph 1, the allegations of this paragraph consist of conclusory

allegations with no specific allegations of wrongdoing by BART.  BART specifically denies any wrongdoing.

**JURISDICTION AND VENUE**

2. Responding to the allegations of paragraph 2, BART does not contest jurisdiction and venue, and denies that the allegations of the complaint give rise to any viable cause of action.

3. Responding to the allegations of paragraph 3, BART does not contest the Court's ability to grant the relief requested, but denies Plaintiffs are entitled to any such relief.

**PARTIES**

**Plaintiffs**

4. Responding to the allegations of paragraph 4, BART admits that Gabriel Chavez was employed by BART as a Building Worker, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request.  BART further admits that it granted Chavez's request for an exemption and avers that it was unable to reasonably accommodate Chavez.  BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 4 and on that basis denies them.

5. Responding to the allegations of paragraph 5, BART admits that Mary Engler - Contreras was employed by BART as a Senior Operations Supervisor Liaison, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request.  BART further admits that it granted Engler-Contreras' request for an exemption and avers that it was unable to reasonably accommodate Engler-Contreras.  BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 5 and on that basis denies them.

6. Responding to the allegations of paragraph 6, BART admits that Rhannon Doyle was employed by BART as an administrative CSO, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request.  BART further admits that it granted Doyle's request for an exemption and avers that it was unable to reasonably accommodate Doyle.  BART lacks sufficient knowledge or information to form a

belief as to the truth of the remaining allegations of paragraph 6 and on that basis denies them.

7. Responding to the allegations of paragraph 7, BART admits that Susan Richardson was employed by BART as a Station Agent, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Richardson's request for an exemption and avers that it was unable to reasonably accommodate Richardson. BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 7 and on that basis denies them.

8. Responding to the allegations of paragraph 8, BART admits that Jonathan Castaneda was employed by BART as an AFC Electronics Technician, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Castaneda's request for an exemption and avers that it was unable to reasonably accommodate Castaneda. BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8 and on that basis denies them.

9. Responding to the allegations of paragraph 9, BART admits that James Gilheany was employed by BART as a Manager of Technology Programs, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Gilheany's request for an exemption and avers that it was unable to reasonably accommodate Gilheany. BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 9 and on that basis denies them.

10. Responding to the allegations of paragraph 10, BART admits that Phi Le was employed by BART as a Community Service Officer, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Le's request for an exemption and avers that it was unable to reasonably accommodate Le. BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10 and on that basis denies them.

11. Responding to the allegations of paragraph 11, BART admits that Gema Espinoza-Carr was employed by BART as a Station Agent, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Espinoza-Carr's request for an exemption and avers that it was unable to reasonably accommodate Espinoza-Carr. BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11 and on that basis denies them.

12. Responding to the allegations of paragraph 12, BART admits that Avin Curry was employed by BART as a Police Officer, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Curry's request for an exemption and avers that it was unable to reasonably accommodate Curry. BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 12 and on that basis denies them.

**Defendants**

13. Responding to the allegations of paragraph 13, BART admits that it is a special district and began service in 1972.

14. BART lacks sufficient information to admit or deny the allegations of paragraph 14 and on that basis denies them.

**CLASS ACTION ALLEGATIONS**

15. Responding to the allegations of paragraph 15, BART denies that this matter is appropriate for class action treatment. BART lacks sufficient information to respond to the remaining allegations of paragraph 15 and on that ground denies them.

16. BART denies the allegations of paragraph 16 and specifically denies that this matter is appropriate for class action treatment.

17. Responding to the allegations of paragraph 17, BART asserts that this paragraph asserts legal conclusions and legal issues to which no response is required. BART denies that this matter is appropriate for class action treatment and specifically denies that the proposed plaintiff class meets the requirements of Federal Rule of Civil Procedure 23.

|   |   |   |
|---|---|---|
| A. | | Responding to the allegations of paragraph 17A, BART denies that this matter is appropriate for class action treatment and that the proposed plaintiff class meets the numerosity requirement. |
| B. | | Responding to the allegations of paragraph 17B, this paragraph sets forth legal conclusions to which no response is required. BART denies that common legal or factual questions make this matter suitable for class treatment. |
| C. | | Responding to the allegations of paragraph 17C, BART denies that this matter is appropriate for class action treatment and that the proposed lead plaintiffs hold claims that are typical of the proposed class. |
| D. | | Responding to the allegations of paragraph 17D, BART denies that this matter is appropriate for class action treatment and that the proposed lead plaintiffs are adequate. |
| E. | | Responding to the allegations of paragraph 17E, this paragraph sets forth legal conclusions to which no response is required. BART denies that this matter is appropriate for class action treatment. |

**FACTS**

18. Responding to the allegations of paragraph 18, BART admits that it issued a Coronavirus Pandemic (COVID-19) Policy on or before December 13, 2021 which policy requires all BART employees and Board members to be fully vaccinated against Covid 19.

19. Responding to the allegations of paragraph 19, BART admits that its employees had the right to seek a medical or religious exemption to the COVID 19 vaccination mandate specified in the Coronavirus Pandemic Policy ("COVID 19 vaccination mandate") and avers that if an exemption was granted, BART determined on a case-by-case basis whether a reasonable accommodation could be provided.

20. Responding to the allegations of paragraph 20, BART admits that its employees were provided the opportunity to request a medical or religious exemption to the COVID 19 vaccination mandate. BART admits that Exhibit 4 appears to be a chart indicting the number of requests, exemptions, and accommodations granted. BART denies the remaining allegations of

paragraph 20.

21. Responding to the allegations of paragraph 21, BART admits that it was able to provide a reasonable accommodation to 8 of its employees who requested a medical exemption from the COVID 19 vaccination mandate. BART denies the remaining allegations of paragraph 21.

22. Responding to the allegations of paragraph 22, BART admits that 179 employees requested religious exemptions and that 70 employees were granted a religious exemption. BART denies the remaining allegations of paragraph 22.

23. Responding to the allegations of paragraph 23, BART admits that it was unable to provide a reasonable accommodation for any employee who was granted a religious exemption to the COVID 19 vaccination mandate. BART denies the remaining allegations of paragraph 23.

24. Responding to the allegations of paragraph 24, BART admits that the named plaintiffs submitted written requests for a religious exemption from the COVID 19 vaccination mandate. BART lacks sufficient information to admit or deny the remaining allegations of paragraph 24 and on that ground denies them.

25. Responding to the allegations of paragraph 25, BART responds that to the extent that this paragraph asserts legal conclusions, no response is required. BART denies the remaining allegations of paragraph 25.

26. Responding to the allegations of paragraph 26, BART avers that Exhibit 5, includes a form entitled "Religious Exemption Interviews." BART denies the remaining allegations of paragraph 26.

27. Responding to the allegations of paragraph 27, BART avers that the form speaks for itself, and no further response is required.

28. Responding to the allegations of paragraph 28, BART admits that the form attached as Exhibit 5 includes the questions as set forth in paragraph 28. BART denies the remaining allegations of paragraph 28.

29. Responding to the allegations of paragraph 29, BART admits that the form included the question set forth in paragraph 29. BART denies the remaining allegations of

paragraph 29.

30. The allegations of paragraph 30 assert legal conclusions to which no response is required.

31. Responding to the allegations of paragraph 31, BART admits that exhibit 6 is a copy of the Religious Exemption Request Review Form. BART denies the remaining allegations of paragraph 31.

32. BART denies the allegations of paragraph 32.

33. BART denies the allegations of paragraph 33.

*Centers for Disease Control Statements*

34. BART lacks sufficient information to respond to the allegations of paragraph 34 and on that ground denies them.

35. BART lacks sufficient information to respond to the allegations of paragraph 35 and on that ground denies them,

36. BART lacks sufficient information to respond to the allegations of paragraph 36 and on that ground denies them.

37. BART lacks sufficient information to respond to the allegations of paragraph 37 and on that ground denies them.

38. BART denies the allegations of paragraph 38.

39. BART lacks sufficient information to respond to the allegations of paragraph 39 and on that ground denies them.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

All Plaintiffs Against All Government Defendants

(42 U.S.C. § 2000e)

40. BART realleges its responses to paragraphs 1-39, above.

41. The allegations of paragraph 41 assert legal conclusions to which no response is required.

- 7 -
BART'S ANSWER TO COMPLAINT

42. BART denies the allegations of paragraph 42.

43. Responding to the allegations of paragraph 43, BART admits that it granted religious exemptions to the named plaintiffs and avers that it was unable to reasonably accommodate those employees. BART denies the remaining allegations of paragraph 43.

44. The allegations of paragraph 44 assert legal conclusions to which no response is required.

45. BART denies the allegations of paragraph 45.

46. Responding to the allegations of paragraph 46, BART admits that it was unable to accommodate those employees that were granted religious exemptions to the COVID 19 vaccine mandate. BART denies the remaining allegations of paragraph 46.

47. Responding to the allegations of paragraph 47, BART avers that employee requests for accommodation must be evaluated on a case-by-case basis and each employee must be considered individually. BART denies the allegations of paragraph 47.

48. Responding to the allegations of paragraph 48, BART admits that there is a dispute between the parties and avers that it did nothing improper or unlawful. The remaining allegations of paragraph 48 assert legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION

### RELIGION CLAUSES

**First Amendment to the U.S. Constitution**

All Plaintiffs Against All Government Defendants

(42 U.S.C. §1983)

49. BART realleges its responses to paragraphs 1-48, above.

50. The allegations of paragraph 50 assert legal conclusions to which no response is required.

51. The allegations of paragraph 51 assert legal conclusions to which no response is required.

52. Responding to the allegations of paragraph 52, BART admits that it determined that the named plaintiffs have sincerely held religious beliefs and granted them religious

1 exemption to the Covid 19 vaccine mandate. BART denies the remaining allegations of paragraph 52.

53. The allegations of paragraph 53 assert legal conclusions to which no response is required.

*Total Exclusion of Religious Employees*

54. Responding to the allegations of paragraph 54, BART avers that it granted exemptions to certain employees who sought an exemption from the COVID 19 vaccine mandate and that it evaluated all exemptions on a case-by-case basis to determine if there was a reasonable accommodation and provided accommodation to certain exempted employees. BART denies the remaining allegations of paragraph 54.

55. BART denies the allegations of paragraph 55.

56. Responding to the allegations of paragraph 56, BART admits that was able to accommodate some employees who were granted exemptions from the COVID 19 vaccine mandate. BART denies the remaining allegation of paragraph 56.

*Heretics and Hypocrites*

57. BART denies the allegations of paragraph 57.

58. BART denies the allegations of paragraph 58.

59. The allegations of paragraph 59 assert legal conclusions to which no response is required.

60. Responding to the allegations of paragraph 60, BART admits that there is a dispute between the parties and avers that it did nothing wrong or unlawful. The remaining allegations of paragraph 60 assert legal conclusions to which no response is required.

61. Responding to the allegations of paragraph 61, BART avers that it granted exemptions to certain employees who sought exemptions from the COVID 19 vaccine mandate and that it evaluated all exemptions on a case-by-case basis to determine if there was a reasonable accommodation and provided accommodation to certain exempted employees. BART denies the remaining allegations of paragraph 61.

62. BART denies the allegations of paragraph 62.

1  63.  BART denies the allegations of paragraph 63.

2  64.  BART denies the allegations of paragraph 64.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE RELIGIOUS ACCOMODATION

### VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

All Plaintiffs Against all Government Defendants

(Gov. Code §12900 et. seq.)

65.  BART realleges its response to paragraphs 1-64, above.

66.  The allegations of paragraph 66 assert conclusions of law to which no response is required.

67.  Responding to the allegations of paragraph 67, BART avers that it fully and fairly evaluated whether an accommodation could be provided to those employees granted exemptions to the COVID19 vaccine mandate.  BART denies the remaining allegations of paragraph 67.

68.  BART denies the allegations of paragraph 68.

69.  The allegations of paragraph 69 assert legal conclusions to which no response is required.

### PRAYER FOR RELIEF

BART denies that Plaintiffs have been injured or suffered damages and denies that plaintiffs are entitled to any relief.

### AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint and each cause of action asserted therein, BART avers as follows:

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges the Complaint and each purported claim for relief therein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies, including timely

filing a charge of discrimination with California's Department of Fair Employment and Housing or the EEOC, the allegations fall outside the scope of any administrative charges plaintiffs filed, and/or plaintiffs otherwise failed to comply with the statutory prerequisites to the bringing of this action, pursuant to the FEHA, California Government Code section 12900 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that the Complaint and each cause of action therein is barred by applicable statutes of limitations including but not limited to those set forth in 42 U.S.C. sections 2000-e-5 and 12117, and California Government Code sections 12960 and 12965.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that it is immune from liability under, but not limited to, California Civil Code section 47, and California Government Code sections 815, 818.8, and 821.6.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that any employment decisions related to plaintiffs were made in good faith and based on nondiscriminatory, non-retaliatory good faith employment standards.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that any and all employment actions taken with respect to plaintiffs were for a reasonable business necessity.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense BART is informed and believes and thereon avers that plaintiffs' claims are barred by the doctrine of equitable estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART is informed and believes and thereupon avers that Plaintiffs' claims are barred by laches.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that plaintiffs have failed to

mitigate their damages, if any.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that any and all employment actions taken with respect to plaintiffs were not based on any discriminatory motive or in retaliation for any activity engaged in by plaintiffs or based on any other improper of illegal consideration but were based upon one of more legitimate sufficient non-discriminatory and non-retaliatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, BART alleges that all employment decisions related to plaintiffs were based on bona fide job requirements and job related.

## RESERVATION OF AFFIRMATIVE DEFENSES

BART reserves the right to assert and rely on any additional affirmative defenses that may become apparent during discovery proceedings and/or trial.

## REQUEST FOR JURY TRIAL

BART requests jury trial of all causes of action that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, BART prays for judgment as follows:

1. That plaintiffs be awarded nothing in this action, and the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of BART on the Complaint;

3. That BART be awarded reasonable attorneys' fees and costs of suit, as allowed by law; and

4. For such other and further relief as the court may deem just and proper.

Dated: February 1, 2023

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
JAMES M. HANLON, JR.
VICTORIA R. NUETZEL

By   /s/ Victoria R. Nuetzel
Attorneys for Defendant San Francisco
Bay Area Rapid Transit District