1  Kevin T. Snider, CA State Bar No. 170988
   *Counsel of Record*
2  Matthew B. McReynolds, CA State Bar No. 234797
   Milton E. Matchak, CA State Bar No. 215739
3  PACIFIC JUSTICE INSTITUTE
   P.O. Box 276600
4  Sacramento, CA 95827
   Tel. (916) 857-6900
5  Email: ksnider@pji.org;
6  mmcreynolds@pji.org;
7  mmatchak@pji.org

8  *Attorneys for Plaintiffs*

9

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ, MARY ENGLER-CONTRERAS, RHIANNON DOYLE, SUSAN RICHARDSON, JONATHAN CASTANEDA, JAMES GILHEANY, PHI LE, GEMA ESPINOZA-CARR, AVIN CURRY, PERRY GRIFFIS, ANTONIO GONZALEZ, FRANK KITZMILLER, TONYA LEWIS-WILLIAMS, CLIFTON HARRISON, ANA CRUZ LEVI, CHRISTOPHER MONACO, SEAMUS WILSON, on behalf of themselves and all other similarly situated persons, | Case No.:  3:22-cv-06119-WHA |
| | **AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** |
| | CLASS ACTION |
| Plaintiffs, | |
| v. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100, | |
| Defendants. | |

**INTRODUCTION**

1.     This is a complaint for employment discrimination brought as a class action by employees holding religious convictions against the SARS-CoV-2 (COVID-19) vaccine.  Two hundred and four (204) employees requested medical or religious exemptions from their employer, San Francisco Bay Area Rapid Transit District (BART), from COVID-19 vaccination.  One in three employees requesting medical exemptions were granted an accommodation.  Of the 179 religious objector employees, not one received an accommodation.  Exclusion of religious people from the enjoyment of a right stands in violation of the First Amendment's religion clauses and federal and state anti-discrimination in employment laws.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the U.S. Constitution and laws of the United States. This action presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4).  The Court also has jurisdiction under 42 U.S.C. § 2000-e5(f)(3).  Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threated to occur in this jurisdictional district and division.  The Defendant's principal place of business is in this district.

3.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-02, Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

**PARTIES**

**Plaintiffs**

4.     Plaintiff, GABRIEL CHAVEZ, was employed by BART as a Building Worker.  CHAVEZ has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  CHAVEZ submitted a

written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA). CHAVEZ utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. CHAVEZ declined to be vaccinated and was thus fired. CHAVEZ has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. CHAVEZ sues on behalf of himself and on behalf of others similarly situated. CHAVEZ is the Plaintiff Class representative.

5.      Plaintiff, MARY ENGLER-CONTRERAS, was employed by BART as a Senior Operations Supervisor Liaison. ENGLER-CONTRERAS has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. ENGLER-CONTRERAS submitted a written request for a religious accommodation under Title VII and FEHA. ENGLER-CONTRERAS utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. Her beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the

1 combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated
2 in full, and is marked as Exhibit 2.  ENGLER-CONTRERAS declined to be
3 vaccinated and was thus fired.  ENGLER-CONTRERAS has exhausted
4 administrative remedies and has received a notice of right to sue from the EEOC.  A
5 true and correct copy of the EEOC notice, along with those of the other Plaintiffs,
6 accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.
7 ENGLER-CONTRERAS sues on behalf of herself and on behalf of others similarly
8 situated.  She is the first alternate Plaintiff Class representative.
9       6.       Plaintiff, RHIANNON DOYLE, was employed by BART as an
10 Administrative CSO.  DOYLE has sincerely held religious beliefs that prevent her
11 from receiving the COVID-19 vaccine without violating her faith.  DOYLE
12 submitted a written request for a religious accommodation under Title VII and
13 FEHA.  DOYLE utilized BART'S form entitled *Employee Request for Religious Exemption*
14 *(COVID-19 Vaccination)*.  A true and correct copy of her request, along with the
15 combined requests of the other Plaintiffs, accompanies this Complaint, is
16 incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held.  BART
17 granted the exemption, but in a letter dated December 22, 2021, BART denied the
18 request for a religious accommodation.  A true and correct copy of the denial letter,
19 along with the combined denials of the other Plaintiffs, accompanies this Complaint,
20 is incorporated in full, and is marked as Exhibit 2.  DOYLE declined to be vaccinated
21 and was thus fired.  DOYLE has exhausted administrative remedies and has received
22 a notice of right to sue from the EEOC.  A true and correct copy of the EEOC
23 notice, along with those of the other Plaintiffs, accompanies this Complaint, is
24 incorporated in full, and is marked as Exhibit 3.  DOYLE sues on behalf of herself
25 and on behalf of others similarly situated.  She is the second alternate Plaintiff Class
26 representative.
27
28

7.     Plaintiff, SUSAN RICHARDSON, was employed by BART as a Full Time Station Agent. RICHARDSON has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. RICHARDSON submitted a written request for a religious accommodation under Title VII and FEHA. RICHARDSON utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. Her beliefs are sincerely held. BART granted the exemption, but in a letter dated December 20, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. RICHARDSON declined to be vaccinated and was thus fired. RICHARDSON has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. RICHARDSON sues on behalf of herself and on behalf of others similarly situated. She is the third alternate Plaintiff Class representative.

8.     Plaintiff, JONATHAN CASTANEDA, was employed by BART as an AFC Electronics Technician. CASTANEDA, has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. CASTANEDA, submitted a written request for a religious accommodation under Title VII and FEHA. CASTANEDA, utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied

the request for a religious accommodation.  A true and correct copy of the denial

letter, along with the combined denials of the other Plaintiffs, accompanies this

Complaint, is incorporated in full, and is marked as Exhibit 2.  CASTANEDA

declined to be vaccinated and was forced to resign.  CASTANEDA, has exhausted

administrative remedies and has received a notice of right to sue from the EEOC.  A

true and correct copy of the EEOC notice, along with those of the other Plaintiffs,

accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

CASTANEDA, sues on behalf of himself and on behalf of others similarly situated.

He is the fourth alternate Plaintiff Class representative.

9.     Plaintiff, JAMES GILHEANY, was employed by BART as a Manager of

Technology Programs.  GILHEANY has sincerely held religious beliefs that prevent

him from receiving the COVID-19 vaccine without violating his faith.  GILHEANY

submitted a written request for a religious accommodation under Title VII and the

California Fair Employment and Housing Act (FEHA).  GILHEANY utilized

BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.

A true and correct copy of his request, along with the combined requests of the other

Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as

Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter

dated January 18, 2022, BART denied the request for a religious accommodation.  A

true and correct copy of the denial letter, along with the combined denials of the

other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as

Exhibit 2.  GILHEANY declined to be vaccinated and was thus fired.  GILHEANY

has exhausted administrative remedies and has received a notice of right to sue from

the Equal Employment Opportunity Commission (EEOC).  A true and correct copy

of the EEOC notice, along with those of the other Plaintiffs, accompanies this

Complaint, is incorporated in full, and is marked as Exhibit 3.  GILHEANY sues on

behalf of himself and on behalf of others similarly situated. GILHEANY is the fifth alternate Plaintiff Class representative.

10.     Plaintiff, PHI LE, was employed by BART as a Community Service Officer. LE has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. LE submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA). LE utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. LE declined to be vaccinated and was thus fired. LE has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. LE sues on behalf of himself and on behalf of others similarly situated. LE is the sixth alternate Plaintiff Class representative.

11.     Plaintiff, GEMA ESPINOZA-CARR, was employed by BART as a Station Agent. ESPINOZA-CARR has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. ESPINOZA-CARR submitted a written request for a religious accommodation under Title VII and FEHA. ESPINOZA-CARR utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint,

is incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held.
BART granted the exemption, but in a letter dated December 8, 2021, BART denied
the request for a religious accommodation.  A true and correct copy of the denial
letter, along with the combined denials of the other Plaintiffs, accompanies this
Complaint, is incorporated in full, and is marked as Exhibit 2.  ESPINOZA-CARR
declined to be vaccinated and was thus fired.  ESPINOZA-CARR has exhausted
administrative remedies and has received a notice of right to sue from the EEOC.  A
true and correct copy of the EEOC notice, along with those of the other Plaintiffs,
accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.
ESPINOZA-CARR sues on behalf of herself and on behalf of others similarly
situated.  She is the seventh alternate Plaintiff Class representative.

12.     Plaintiff, AVIN CURRY, was employed by BART as a Police Officer.
CURRY has sincerely held religious beliefs that prevent him from receiving the
COVID-19 vaccine without violating his faith.  CURRY submitted a written request
for a religious accommodation under Title VII and FEHA.  CURRY utilized BART'S
form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true
and correct copy of his request, along with the combined requests of the other
Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as
Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter
dated January 27, 2022, BART denied the request for a religious accommodation.  A
true and correct copy of the denial letter, along with the combined denials of the
other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as
Exhibit 2.  CURRY declined to be vaccinated and was forced into early retirement a
day before being fired.  CURRY has exhausted administrative remedies and has
received a notice of right to sue from the EEOC.  A true and correct copy of the
EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is
incorporated in full, and is marked as Exhibit 3.  CURRY sues on behalf of himself

1    and on behalf of others similarly situated.  He is the eighth alternate Plaintiff Class

2    representative.

3        13.    Plaintiff, PERRY GRIFFIS, was employed by BART as an RSS Shop

4    Scheduler.  GRIFFIS has sincerely held religious beliefs that prevent him from

5    receiving the COVID-19 vaccine without violating his faith.  GRIFFIS submitted a

6    written request for a religious accommodation under Title VII and FEHA.  GRIFFIS

7    utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19*

8    *Vaccination)*.  A true and correct copy of his request, along with the combined requests

9    of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is

10   marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption,

11   but in a letter dated January 10, 2022, BART denied the request for a religious

12   accommodation.  A true and correct copy of the denial letter, along with the

13   combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated

14   in full, and is marked as Exhibit 2.  GRIFFIS declined to be vaccinated and was

15   forced into early retirement a day before being fired.  GRIFFIS has exhausted

16   administrative remedies and has received a notice of right to sue from the EEOC.  A

17   true and correct copy of the EEOC notice, along with those of the other Plaintiffs,

18   accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

19   GRIFFIS sues on behalf of himself and on behalf of others similarly situated.

20       14.    Plaintiff, ANTONIO GONZALEZ, was employed by BART as a

21   Quality Team Leader.  GONZALEZ has sincerely held religious beliefs that prevent

22   him from receiving the COVID-19 vaccine without violating his faith.  GONZALEZ

23   submitted a written request for a religious accommodation under Title VII and

24   FEHA.  GONZALEZ utilized BART'S form entitled *Employee Request for Religious*

25   *Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with

26   the combined requests of the other Plaintiffs, accompanies this Complaint, is

27   incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART

28

granted the exemption, but in a letter dated December 15, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  GONZALEZ declined to be vaccinated and was forced into early retirement a day before being fired. GONZALEZ has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  GONZALEZ sues on behalf of himself and on behalf of others similarly situated.

15.    Plaintiff, FRANK KITZMILLER, was employed by BART as a Train Operator.  KITZMILLER has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  KITZMILLER submitted a written request for a religious accommodation under Title VII and FEHA.  KITZMILLER utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 3, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  KITZMILLER declined to be vaccinated and was forced into early retirement a day before being fired. KITZMILLER has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full,

1    and is marked as Exhibit 3.  KITZMILLER sues on behalf of himself and on behalf

2    of others similarly situated.

3         16.     Plaintiff, TONYA LEWIS-WILLIAMS, was employed by BART as a

4    Utility Worker.  WILLIAMS has sincerely held religious beliefs that prevent her from

5    receiving the COVID-19 vaccine without violating her faith.  WILLIAMS submitted a

6    written request for a religious accommodation under Title VII and FEHA.

7    WILLIAMS utilized BART'S form entitled *Employee Request for Religious Exemption*

8    *(COVID-19 Vaccination)*.  A true and correct copy of her request, along with the

9    combined requests of the other Plaintiffs, accompanies this Complaint, is

10   incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held.  BART

11   granted the exemption, but in a letter dated December 20, 2021, BART denied the

12   request for a religious accommodation.  A true and correct copy of the denial letter,

13   along with the combined denials of the other Plaintiffs, accompanies this Complaint,

14   is incorporated in full, and is marked as Exhibit 2.  WILLIAMS declined to be

15   vaccinated and was forced into early retirement a day before being fired.  WILLIAMS

16   has exhausted administrative remedies and has received a notice of right to sue from

17   the EEOC.  A true and correct copy of the EEOC notice, along with those of the

18   other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as

19   Exhibit 3.  WILLIAMS sues on behalf of herself and on behalf of others similarly

20   situated.

21        17.     Plaintiff, CLIFTON HARRISON, was employed by BART as a Station

22   Agent.  HARRISON has sincerely held religious beliefs that prevent him from

23   receiving the COVID-19 vaccine without violating his faith.  HARRISON submitted

24   a written request for a religious accommodation under Title VII and FEHA.

25   HARRISON utilized BART'S form entitled *Employee Request for Religious Exemption*

26   *(COVID-19 Vaccination)*.  A true and correct copy of his request, along with the

27   combined requests of the other Plaintiffs, accompanies this Complaint, is

28

incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 20, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  HARRISON declined to be vaccinated and was forced into early retirement a day before being fired.  HARRISON has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  HARRISON sues on behalf of himself and on behalf of others similarly situated.

18.    Plaintiff, ANA CRUZ LEVI, was employed by BART as an Intermediate Clerk, Personnel Analyst and Recruiter.  LEVI has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith.  LEVI submitted a written request for a religious accommodation under Title VII and FEHA.  LEVI utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 31, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  LEVI declined to be vaccinated and was forced into early retirement a day before being fired.  LEVI has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs,

accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. LEVI sues on behalf of herself and on behalf of others similarly situated.

19.     Plaintiff, CHRISTOPHER MONACO, was employed by BART as a Fire Protection Worker.  MONACO has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  MONACO submitted a written request for a religious accommodation under Title VII and FEHA.  MONACO utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 7, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  MONACO declined to be vaccinated and was forced into early retirement a day before being fired.  MONACO has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  MONACO sues on behalf of himself and on behalf of others similarly situated.

20.     Plaintiff, SEAMUS WILSON, was employed by BART as a Train Operator.  WILSON has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  WILSON submitted a written request for a religious accommodation under Title VII and FEHA.  WILSON utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is

marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  WILSON declined to be vaccinated and was forced into early retirement a day before being fired.  WILSON has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  WILSON sues on behalf of himself and on behalf of others similarly situated.

## Defendants

21.    Defendant, SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, was established as a special district in 1957 and is a heavy-rail public transit system that connects the San Francisco Peninsula with communities in the East Bay and South Bay.  BART began service in 1972.

22.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is in some way responsible for, or participated in or contributed to, the matters and things complained of herein, and is legally responsible in some manner.  Plaintiffs will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## CLASS ACTION ALLEGATIONS

23.    Plaintiffs, GABRIEL CHAVEZ, MARY ENGLER-CONTRERAS, RHIANNON DOYLE, SUSAN RICHARDSON, JONATHAN CASTANEDA,

1    JAMES GILHEANY, PHI LE, GEMA ESPINOZA-CARR and AVIN CURRY

2    (each a Plaintiff and, together, the named Plaintiffs), bring this action for a class of

3    persons defined as follows: All employees presently or previously employed by BART

4    (1) who have been ordered to submit to a COVID-19 vaccination, (2) who have

5    submitted a written request for a religious exemption, and (3) who were not granted a

6    religious accommodation.

7         24.    These persons are collectively referred to as the Plaintiff Class.

8         25.    The proposed Plaintiff Class satisfies the numerosity, commonality,

9    typicality, and adequacy prerequisites for suing as a representative party under FRCP

10   23:

11        A.  **Numerosity**: The proposed Plaintiff Class is comprised of

12            approximately 179 current or former employees of BART.

13        B.  **Commonality**: There are questions of law and fact common to each

14            member of the proposed Plaintiff Class, to wit:

15        (1)   Whether the universal denial of accommodations to those

16              submitting requests for a religious exemption to vaccination

17              against COVID-19 was lawful under federal and state

18              employment laws when the employer simultaneously allowed

19              *secular* accommodations for the unvaccinated;

20        (2)  Whether BART's standardized process of inquiring into the

21             sincerity of the faith of any employee who requests religious

22             accommodation is consistent with federal employment laws,

23             including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

24             2000e, et seq. (Title VII), and state employment laws, including

25             the California Fair Employment and Housing Act, Cal. Gov.

26             Code § 12900, et seq. (FEHA); and

27

28

AMENDED COMPLAINT
15

(3)   Whether BART's standardized process of inquiring into the
sincerity of the faith of any employee who requests religious
accommodation is consistent with the religion clauses enumerated
in the First Amendment.

C.  **Typicality**: The named Plaintiffs' claims are typical of the Plaintiff
Class in that (1) all named Plaintiffs hold religious beliefs that compel
them not to receive the COVID-19 vaccine; (2) they have claimed
sincerity of their religious beliefs; (3) they have submitted written
requests for religious accommodation; and (4) their requests have been
denied.

D.  **Adequacy of Representation**: The named Plaintiffs will fairly and
adequately protect the interests of the proposed Plaintiff Class.  The
interests of the named Plaintiffs do not conflict with the interests of
the Plaintiff Class members, and the named Plaintiffs have retained
counsel experienced in successful class action litigation and
constitutional litigation in order to vigorously prosecute this action on
behalf of the Plaintiff Class.  The relief sought by the named Plaintiffs
will inure to the benefit of the Plaintiff Class generally.

E.  The named Plaintiffs raise predominantly common factual and legal
questions that can be answered for all Plaintiff Class members through
a single class-wide proceeding, which will be a superior method for
adjudicating these issues for the Plaintiff Class.

## FACTS

26.    On October 14, 2021, BART issued a COVID-19 Vaccination Policy
requiring all employees to be fully vaccinated as a condition of employment.

27.    Per the requirements of state and federal anti-discrimination in
employment laws, BART employees were given an opportunity to request either a

medical or religious exemption to COVID-19 vaccination.  If an exemption was granted, then BART determined whether to provide a reasonable accommodation.

28.    Between October 14, 2021, and February 16, 2022, 204 BART employees requested either religious or medical exemptions to COVID-19 vaccination.  A true and correct copy of the table showing the number of employees seeking exemptions and the results of said requests accompanies this Complaint, is incorporated in full, and is marked as Exhibit 4.

29.    Of those, 25 employees requested medical exemptions to COVID-19 vaccination.  None or 1 in 3—employees requesting a medical exemption were given an accommodation by BART. *See* Exhibit 4.

30.    Approximately 179 employees submitted requests to be exempted from COVID-19 vaccination due to their sincerely held religious beliefs.  Seventy of these employees were granted a religious **exemption**.  However, 109 employees' requests for religious exemption were denied.  *Id.*

31.    Of the 70 remaining employees granted a religious exemption, not one employee with faith-based convictions against COVID-19 vaccination was given a religious **accommodation**.  No matter what any religious employee suggested as an accommodation, it was never good enough.

32.    The named Plaintiffs and the individual members of the Plaintiff Class have each submitted a written request for a religious accommodation in order to be exempted from COVID-19 vaccination.  Like the rest of the Plaintiff Class, they affirmatively assert that their religious convictions against taking the COVID-19 vaccination are sincerely held.

33.    Generally, an employer should proceed on the assumption that a request for religious accommodation is based on sincerely held religious beliefs, practices, or observances.  BART has turned this standard on its head.  Instead, BART instituted a

detailed probe into the sincerity of the faith of its employees in which 61 percent received a failing grade.

34.     BART utilized an interviewer question template entitled *Religious Exemption Interviews* (*Question Template*).  A true and correct copy of the *Question Template* accompanies this Complaint and is incorporated in full and marked as Exhibit 5.

35.     The *Question Template* began with four boxes for the interviewer which appeared as follows:

> EEOC factors:
>
> ☐ The reasons cited in support of the request were primarily for secular/non-religious reasons.
>
> ☐ A clear nexus between the request and the stated religious beliefs was not established.
>
> ☐ Evidence of behaviors inconsistent with adherence to the stated beliefs exists.
>
> ☐ The timing of your request as it relates to adoption of the stated beliefs.  *Id.*

36.     The interviewer then asks the employee five questions:

> 1. Can you just tell us briefly about your sincerely held belief?
> 2. Can you tell us in your own words why taking COVID-19 vaccine is contrary to your religious belief?
> 3. What do you think will happen to you if you take the COVID-19 vaccine?
> 4. Can you provide us other examples of how this religious belief is demonstrated in other aspects of your life?
> 5. You refuse to take the COVID-19 vaccine because of the alleged use of aborted fetal cells in the creation of the vaccine. Research on this topic has revealed some cosmetic and over-the-counter medicines may use the same process as the COVID-19 vaccine. Are you aware of this? Tell me how else you demonstrate the same pre-cautions in your life.  *Id.*

37.     The third question, which asks, "What do you think will happen to you if you take the COVID-19 vaccine," is, charitably, ambiguous at best and possibly calculated to mislead the employee.  Does this interrogatory seek to elicit an answer

based in doctrine or theology?  By way of examples, "I will have a guilty conscience." "I will be committing a sin."  "I will deny my faith."  "I will spend eternity in hell." On the other hand, is the question seeking a social, emotional, or physical response? Consider these examples. "My wife will divorce me as a coward without principle." "I'll lose my bodily autonomy." "I'll get sick or die."  The employee has little or no idea which direction will lead to a denial or approval.

38.    The protocol and standardized forms used by HR evaluators comprise a detailed, individualized assessment, giving broad discretion to an evaluator.

39.    The evaluators use a document entitled RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination).  A true and correct copy of the RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination) accompanies this Complaint and is incorporated in full and marked as Exhibit 6.  The form has evaluators engage in an individualized assessment in which they ask the following questions:

- "Is there evidence that the employee has acted in a way that is inconsistent with the claimed belief."
- "Is there evidence the employee is seeking a benefit or an exception that is likely to be sought for nonreligious reasons?"
- "Is the timing of the request considered questionable?"
- "Is there evidence the employee may be seeking the benefit for secular reasons?"

40.    After denying every request for an accommodation coming from a religious objector to the vaccination, BART gave these employees an ultimatum:

- Comply with the vaccination mandate;
- Retire if qualified;
- Resign;
- Do nothing and be terminated. *See* Exhibit 2.

41.    The ultimatum required the Plaintiff Class to choose between their employment and their faith.  Unless an employee was vaccinated, the employee was either forced into early retirement, constructively discharged by forced resignation, or simply terminated.

*Centers for Disease Control Statements*

42.    In a published statement, the federal Centers for Disease Control and Prevention (CDC) stated that the Delta variant resulted in similarly high COVID-19 viral loads in vaccinated and unvaccinated people.[1]  CDC Director Rochelle Walensky has confirmed that COVID-19-positive individuals carry the same "viral load" (equivalent to the risk of spreading infection) whether they are vaccinated or unvaccinated.[2]

43.    The CDC Director's statement was based on a study in the summer of 2021 which tested vaccinated and unvaccinated persons and found that "[c]ycle threshold values [COVID-19 viral loads] were similar among specimens from patients who were fully vaccinated and those who were not."[3]

44.    Later studies have found that the viral load associated with COVID-19 variants such as Omicron also does not vary based upon vaccination status: "[F]ully vaccinated individuals with breakthrough infections have peak viral load similar to

---

[1] Statement from CDC Director Rochelle P. Walensky issued on July 30, 2021, https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html.

[2] *Id.*

[3] "Outbreak of SARS-CoV-2 Infections, Including COVID-19 Vaccine Breakthrough Infections, Associated with Large Public Gatherings — Barnstable County, Massachusetts, July 2021," *Morbidity and Mortality Weekly Report, CDC* (July 30, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7031e2.htm?s_cid=mm7031e2_w.

unvaccinated cases and can efficiently transmit infection in household settings, including to fully vaccinated contacts."[4]

45.    In another official statement, the CDC has confirmed those studies and stated that it expects that anyone with an Omicron infection, regardless of vaccination status or whether or not they have symptoms, can spread the virus to others.[5]

46.    Because the viral loads are no different for the vaccinated and the unvaccinated, BART's position that the unvaccinated pose a danger to themselves, coworkers, and the public, but that the vaccinated do not pose this danger, is not consistent with the above-cited statements from the CDC.

47.    The CDC spokesperson, Greta Massetti, stated that immunity for the population is now around 95 percent when combining those who have contracted and recovered from COVID-19 with those that have been vaccinated.  As such, "it makes the most sense not to differentiate" between the vaccinated and unvaccinated.[6]

### FIRST CAUSE OF ACTION
**FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION**
**Violation of Title VII of the Civil Rights Act of 1964**
All Plaintiffs Against All Government Defendants
(42 U.S.C. § 2000e)

48.    Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

---

[4]  David W. Eyre, B.M., B.Ch., D.Phil. et al., *Effect of Covid-19 Vaccination on Transmission of Alpha and Delta Variants*, New England J. Med 386:744-756 (February 24, 2022), https://www.nejm.org/doi/full/10.1056/NEJMoa2116597.

[5] "Omicron Variant: What You Need to Know," *CDC* (March 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html.

[6] "With new guidance, CDC ends test-to-stay for schools and relaxes COVID rules" NPR (Aug. 11, 2022), https://www.npr.org/sections/health-shots/2022/08/11/1116991600/with-new-guidance-cdc-ends-test-to-stay-for-schools-and-relaxes-covid-rules.

49.     At all times relevant hereto, Title VII was in full force and effect and was binding on BART.

50.     At all times relevant hereto, the Plaintiffs were performing competently in the positions they held as employees of BART.

51.     Plaintiffs have bona fide religious beliefs that conflict with receiving the COVID-19 vaccination; they have informed their employer of such beliefs.  The Plaintiffs were disciplined for failure to comply with the conflicting employment requirement.

52.     Title VII makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee.

53.     BART failed to provide reasonable alternative means of accommodating the religious belief or observance that was in conflict with the COVID-19 vaccination work requirement.

54.     BART granted medical accommodations to vaccination but not a single religious accommodation.  Stated otherwise, religious persons as a class were excluded from accommodation.

55.     An unvaccinated employee exempted for medical reasons poses precisely the same threat as an unvaccinated employee exempted for religious reasons.

56.     There is a dispute between the Plaintiffs and Defendant.  BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiff Class to provide an objective basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree.  Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul.  Belief in what one may demonstrate to the senses is not faith. Plaintiffs assert that Title VII presumes sincerity of belief by an employee, and therefore BART's standardized practice of a rigorous inquisition is an unlawful

standard.  The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

## SECOND CAUSE OF ACTION
### RELIGION CLAUSES
### First Amendment to the U.S. Constitution
All Plaintiffs Against All Government Defendants
(42 U.S.C. § 1983)

57.    The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

58.    The right to free exercise of religion is a right protected and guaranteed by the First Amendment of the U.S. Constitution. The liberties under the First Amendment apply to the states and their political subdivisions through the Fourteenth Amendment.

59.    The actions of BART have been, and continue to be, done under color of law.

60.    The Plaintiffs have sincerely held religious beliefs that compel them to refuse the COVID-19 vaccine.

61.    There are two ways that BART has violated the religious clauses.  These are through the evaluation process which looks for heretics or hypocrites.  The second is by totally excluding religious people from a statutory accommodation to a condition required for employment.

*Total Exclusion of Religious Employees*

62.    BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons.  In contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

63.    The exclusion of employees from a statutory accommodation deprives them of a right because of their status as people of faith.

64.    One third of employees requesting a medical exemption from vaccination received an accommodation, though such an unvaccinated employee poses the same health risk as an unvaccinated religious employee.

*Heretics and Hypocrites*

65.    The protocol that BART evaluators use imposes requirements that stand as hostile to the religious beliefs of the Plaintiff Class and acts in a manner that passes judgment upon, or presupposes the illegitimacy of, religious beliefs and practices. Therefore, the protocol used is not neutral.

66.    BART's detailed probe into the beliefs of the Plaintiff Class exceeds sincerity by determining orthodoxy, verity of beliefs, and hypocrisy.

67.    BART's evaluators are taking on the role that the First Amendment reserves to ecclesiastical courts, not government officials.

68.    There is a dispute between the Plaintiffs and Defendant.  BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiff Class to provide an objective basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree.  Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul.  Belief in what one may demonstrate to the senses is not faith.  The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

69.    BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons.  In

contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

70.    The protocol that evaluators of employees seeking a religious exemption constitutes individualized assessments, giving broad discretion to an evaluator, and thus are not neutral and generally applicable.

71.    The vaccination requirement forces the Plaintiff Class to choose between receiving the COVID-19 vaccine in violation of their sincerely held religious beliefs or being fired, forced into retirement, or constructively discharged by pressuring them to resign.

72.    The conduct of BART thus imposes a substantial burden on the Plaintiffs and the Plaintiff Class and interferes with, and deprives them of, the enjoyment of the religious liberties guaranteed by the First Amendment to the U.S. Constitution, as made applicable to the states through the Fourteenth Amendment.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION
### Violation of the California Fair Employment and Housing Act
All Plaintiffs Against All Government Defendants
(Gov. Code § 12900 et seq.)

73.    The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

74.    At all times relevant hereto, FEHA was in full force and effect and was binding on BART.

75.    BART failed to provide reasonable alternative means of accommodating the religious belief or observance that conflicted with the work requirement, i.e., COVID-19 vaccination.

76.    Accommodating the Plaintiffs does not pose a *significant difficulty or expense* on BART per Gov. Code § 12926(u).

77.    Plaintiffs are entitled to further relief as more fully set forth below in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor, and against the Defendant, for full relief, including the following:

a.    Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of Title VII;

b.    Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of FEHA;

c.    Declaratory judgment that BART's protocol for determining sincerity of faith is in whole, or in part, on its face, and as applied, is violative of the religion clauses of the First Amendment;

d.    Declaratory judgment that BART's protocol individualized assessment for both religious exemptions and accommodation is in whole, or in part, on its face, and as applied, violative of the religion clauses of the First Amendment;

e.    Declaratory judgment that BART's decision not to grant any religious accommodations is violative of the religion clauses of the First Amendment;

f.    Declaratory judgment that providing a religious accommodation does not impose an undue hardship on BART under Title VII;

g.    Declaratory judgment that providing a religious accommodation does not impose a significant difficulty or expense on BART under FEHA;

h.    A preliminary and permanent injunction prohibiting BART's protocol for determining sincerity of faith;

1         i.      Equitable relief in the form of an order setting aside the denials for

2 accommodation and that the Plaintiff Class receive *de novo* consideration of their

3 accommodation requests;

4         j.      An award for actual, consequential, and incidental financial losses,

5 including, but not limited to lost back pay, front pay, benefits, lost overtime, and other

6 compensation plus interest;

7         k.      An award of compensatory damages;

8         l.      Restoration of employee benefits, including, but not limited to, medical

9 benefits, pensions, and insurance;

10        m.    Restore vacation days, comp hours, and lost time hours;

11        n.     Attorneys' fees and costs; and

12        o.     Any and all other appropriate relief to which the Plaintiffs may be entitled

13 including all "appropriate relief" within the scope of FRCP 54(c).

14        Dated: May 22, 2023

15
                      /s/ Kevin T. Snider

16                      Kevin T. Snider

17                      *Counsel of Record*

18                      Matthew B. McReynolds

                      Milton E. Matchak

19                      **PACIFIC JUSTICE INSTITUTE**

20                      NORTHERN CALIFORNIA OFFICE

                      P.O. Box 276600

21                      Sacramento, CA 95827

22                      Tel.  (916) 857-6900

                      Fax  (916) 857-6902

23                      Email:  ksnider@pji.org

24                              mmcreynolds@pji.org

                              mmatchak@pji.org

25

                      *Attorneys for Plaintiffs*

26

27

28