Kevin T. Snider, CA State Bar No. 170988
  *Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org
         mmcreynolds@pji.org
         mmatchak@pji.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ, et al., | Case No.: 3:22-cv-06119-WHA |
| Plaintiffs, | |
| v. | **JOINT PROPOSED FINAL PRETRIAL ORDER** |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | |
| Defendant. | **RELATED CASES** |
| BRADFORD MITCHELL, | Case No.: 3:22-cv-07720-WHA |
| Plaintiff, | |
| v. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, et al. | |
| JERAMIAH COOPER, et al., | Case No.: 3:22-cv-09193-WHA |
| Plaintiffs, | |
| v. | DATE: June 12, 2024 |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | TIME: 12:00 p.m. |
| | JUDGE: Judge William Alsup |

JOINT PROPOSED FINAL PRETRIAL ORDER

1

Pursuant to item 2(a) of the *Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup*, the parties in the above-captioned related cases submit this Joint Proposed Final Pretrial Order.

**I.     2(a)(i):  Brief Description of the Substance of Claims and Defenses to be Tried**

Plaintiffs*:*  Plaintiffs were employees of the Defendant, San Francisco Bay Area Rapid Transit District ("BART").  BART mandated COVID-19 vaccination of all employees. The Plaintiffs submitted requests for religious exemptions and accommodation to the vaccination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and the California Fair Employment and Housing Act (Cal. Gov. Code § 12900 et seq.).  Certain employees were granted religious exemptions and certain employees were denied religious exemptions.  Of those granted religious exemptions, none were accommodated.

For those Plaintiffs denied a religious exemption, the issue to be tried is whether the employee held a sincere belief preventing them from being vaccinated.

For all Plaintiffs, the issue to be tried is whether they could have been reasonably accommodated by BART.[1]

Defendant*:*  BART concurs with Plaintiffs' recital, with these additional comments:

With respect to exemption, the question is whether the Plaintiff articulated to BART a sincerely held religious belief that conflicted with vaccination against COVID-19, rather than a secular belief.  Any religious belief that a Plaintiff held, but did not articulate to BART, is irrelevant to the analysis.

///

///

---

[1] The parties note that the Court has not issued orders with respect to the summary judgment motion(s) pending in *Cooper* and *Mitchell*, and respectfully request that the Court do so at its earliest convenience and before trial.  This Joint Proposed Final Pretrial Order and the parties' accompanying pretrial submissions have been prepared in compliance with the Court's summary judgment ruling as stated in *Chavez* (Case No. 3:22-cv-06119-WHA, Dkt. 72), but Plaintiffs reserve all rights with respect to all causes of action pled and not yet adjudicated, summarily or otherwise, in all three related cases.

With respect to accommodation, the question is whether BART could have reasonably accommodated the Plaintiff to work while unvaccinated without suffering an undue burden.

**II.  2(a)(ii):  Statement of All Relief Sought**

<u>Plaintiffs</u>:  Plaintiffs seek relief as follows:

i. Damages for actual, consequential, and incidental financial losses, including lost back pay, front pay, lost overtime, and compensatory damages;

ii. Restoration of employee benefits, including medical benefits, pensions, and insurance; and,

iii. Equitable relief in the form of an order setting aside the denials for accommodation and reinstatement to prior job positions.

iv. Attorneys' fees and costs.

<u>Defendant</u>:  BART does not concur that all these forms of relief are available to these Plaintiffs, in this case.  Even if they prove their claims, BART does not concede that Plaintiffs are entitled to "restoration" of benefits or an equitable order reinstating their employment.  Since these forms of relief would be awarded by the Court, not the jury, these disputes need not be resolved prior to trial.

**III.  2(a)(iii) Stipulated Facts**

1. BART is a heavy rail public transportation service.
2. Trains travel through the five counties of Alameda, Contra Costa, San Francisco, San Mateo, and Santa Clara.
3. BART employs approximately 3,900 people.
4. On October 14, 2021, the BART Board of Trustees ordered all its employees to be vaccinated against COVID-19 as a condition of continued employment.
5. Employees were required to be fully vaccinated by December 13, 2021.
6. BART allowed employees to submit requests for religious exemptions and accommodations so they would not undergo vaccination.

7. Each Plaintiff was employed by BART. (The parties will also stipulate to the start and end dates for each Plaintiff's employment.)
8. Each Plaintiff applied to BART for a religious exemption and accommodation from the COVID-19 vaccination mandate.
9. If a Plaintiff received a religious exemption, then BART stipulates that the Plaintiff met his or her burden to articulate a sincerely held religious belief that conflicted with the COVID-19 vaccination mandate.
10. BART concluded that no reasonable accommodation was available to excuse the Plaintiff from compliance with the COVID-19 vaccination mandate.
11. Each Plaintiff was separated from their employment from BART, whether by termination, compelled resignation, or compelled early retirement, because he or she refused to comply with the COVID-19 vaccination mandate.
12. The parties will stipulate to each Plaintiff's salary at the time of separation.

**IV. 2(a)(iv): List of All Factual Issues that Remain to be Tried, Stating the Issues with the Same Generality/Specificity as any Contested Elements in the Relevant Jury Instructions Organized by Counts.**

***Title VII Count***

(1) Whether the Plaintiff informed BART of a sincerely held religious belief that conflicted with receiving the COVID-19 vaccine;

(2) Whether there was a reasonable accommodation available that would not impose an undue burden on BART;

(3) Damages for actual, consequential, and incidental financial losses, including lost back pay, front pay, lost overtime, and compensatory damages.

***FEHA Count***

(1) Whether the Plaintiff informed BART of a sincerely held religious belief that conflicted with receiving the COVID-19 vaccine;

///

(2) Whether there was a reasonable accommodation available that would not impose an undue burden on BART;

(3) Damages for actual, consequential, and incidental financial losses, including lost back pay, front pay, lost overtime, and compensatory damages.

Respectfully submitted

Dated: June 5, 2024                 s/ Kevin T. Snider
                                    Kevin T. Snider
                                    Matthew B. McReynolds
                                    Milton E. Matchak
                                    PACIFIC JUSTICE INSTITUTE

                                    Attorneys for Plaintiffs

Dated: June 5, 2024                  James M. Hanlon, Jr.
                                    James M. Hanlon, Jr.
                                    Victoria R. Nuetzel
                                    Dawson P. Honey
                                    GLYNN, FINLEY, MORTL, HANLON
                                    & FRIEDENBERG, LLP

                                    Attorneys for Defendant