UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL CHAVEZ, et al.,

    Plaintiffs,

v.

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

    Defendant.

No. C 22-06119 WHA

**ORDER RE DEFENDANT'S MOTION IN LIMINE NO. 7**

BART seeks to exclude all evidence and argument concerning work undertaken by plaintiffs' opposition expert, Dr. Harvey Risch, after the preparation of his Rule 26 report (Dkt. No. 81).

This is not the first controversy involving Expert Risch. Earlier, BART moved to strike Expert Risch's opposition report and exclude his testimony in its entirety (Dkt. No. 58). The grounds for that motion were as follows. On November 17, 2023, BART timely disclosed its list of issues on which it intended to offer expert testimony (Dkt. No. 58-1 at 6-8). On January 16, BART again timely disclosed the opening reports of two experts: Dr. Joseph Lewnard, an epidemiologist, and Nancy McClellan, an industrial hygienist (*id*. at 10-16). Plaintiffs' opposition reports were due on January 30. Four days before the due date, plaintiffs' counsel asked BART for more time (*id*. at 193-195). BART extended the professional courtesy of a two-day extension (*ibid*.). Plaintiffs' counsel came back on January 29 and informed BART of

a two-week delay and asked for a stipulation to extend expert discovery (*id*. at 197). The reason given was Expert Risch's preoccupation with a "major case" (*ibid*.). BART declined (*ibid*.). Plaintiffs' counsel did not seek relief from the Court. On February 13, a paralegal emailed BART the late-disclosed opposition report, two weeks late and seven days before the close of expert discovery (*id.* at 208-209). In response, BART stated that "[i]f plaintiffs intend to offer Dr. Risch as a witness, they need to seek permission from the Court. Until that happens, there is no basis for a deposition" (*id.* at 205-206). The judge did not become aware of plaintiffs' late disclosure until BART filed its motion to strike and exclude on February 26. Trial was already set for April 22, 2024.

In the interest of allowing plaintiffs to present their opposition, BART's motion to strike was denied (Dkt. No. 65). Plaintiffs, however, were ordered to make Expert Risch available for deposition by March 13 and to pay all costs and fees caused by their delay, while defendants were ordered to produce reply reports by March 14 (*ibid*.). Expert Risch was deposed on March 13. Defendants, meanwhile, produced reply reports dated March 12 (Expert McClellan) and March 13 (Expert Lewnard) (Dkt. No. 108). Trial was postponed to July 8.

Relatedly, plaintiffs had failed to timely file Expert Risch's declaration in support of plaintiffs' motion for summary judgment and in opposition to defendant's cross-motion for summary judgment. Again, that declaration was nevertheless considered in the March 18 summary judgment order (Dkt. No. 72).

Moving now to the present controversy, BART seeks to exclude all evidence and argument concerning additional work undertaken by Expert Risch *after* the preparation of his late-disclosed opposition report. BART's motion is based on facts that first came to light during Expert Risch's March 13 deposition. There, BART learned that Expert Risch had not reviewed the Rule 26 reports of BART's experts Lewnard or McClellan when drafting his opposition (Risch Depo. at 64:7-15, 67:15-18, 98:2-22). As to McClellan, Expert Risch conceded outright that he did not review *any* of her work product when writing his "opposition," and that the latter "doesn't address Ms. McClellan's report in any manner" (*id*. 67:15-18). As to Lewnard, Expert Risch claimed to have spent "a couple hours maybe"

2

analyzing Lewnard's opening report prior to preparing his opposition (*id*. at 64:13-15). However, it was discovered during deposition that plaintiffs' counsel had never given Expert Risch Lewnard's report: they had instead sent him Lewnard's summary judgment declaration (*id*. at 98:2-22).

*After* the submission of his late-disclosed report, but before his deposition, Expert Risch read Lewnard's summary judgment declaration "more carefully," and read McClellan's summary judgment declaration for the first time (again under the belief that these were their respective opening reports) (*id*. at 66:2-19). *As a result, he came to his deposition armed with new opinions not contained within his opposition report* (*id*. at 66:9-68:23). Those opinions were embodied in a set of written notes that Expert Risch shared with BART's counsel during his deposition (Dkt. No. 85 at 950-953). He stated that the opinions above the dashed lines were "done contemporaneous or before I prepared my report," while everything below "was done after I prepared my report" (Risch Depo. at 68:21-23).

BART now asks that Expert Risch's testimony be limited to those matters stated in his (late) opposition report. They request that:

> "Dr. Risch should not be permitted to testify concerning the additional criticisms of Dr. Lewnard's work that he developed after preparing his Rule 26 report."
>
> "Dr. Risch [should not] be permitted to testify that he reviewed and considered Dr. Lewnard's report, because he had not done so when preparing his own report or even before his deposition."
>
> "Dr. Risch should not be permitted to testify concerning any criticisms of McClellan's work. He did not review any of her work before preparing his own Rule 26 report, and [he] did not review her report at all before his own deposition."

(Dkt. No. 81 at 5).

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). That report must contain "a complete

3

statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

A party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The duty to supplement disclosures "extends both to information included in the [expert] report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). "A party may not cure a failure to disclose an expert opinion in a written report by supplementing the expert's disclosure with later deposition testimony." *Foshee v. Zuniga*, 2021 WL 1947560, at *8 (N.D. Cal. May 14, 2021) (Judge Virginia DeMarchi). A party that "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The violating party bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). In plaintiffs' counsel's words, "how counsel have conducted themselves to that point," and whether they have displayed a "cavalier approach to the rules" is of "particular[ ]" importance to the Rule 37 inquiry (Audiotape: Mar. 6, 2024, Motion Hearing, 21:40).

This is now the second time that plaintiffs have attempted to skirt the rules and sandbag BART. The first time around, plaintiffs were allowed to file a late opposition report on condition that the expert sit for a deposition (among other conditions). However, plaintiffs' attempt to *again* sandbag BART *at that very deposition* will not be allowed.

Expert Risch's direct testimony at trial will be limited to the contents of his opposition report. Any opinions not contained within the four corners of the report are out for purposes of direct examination. New opinions contained in the portion of Expert Risch's deposition notes prepared after the submission of his opposition report (those "under the dashed line") are excluded for purposes of direct examination. BART's own experts did not have an opportunity

4

to evaluate those opinions, or to respond to them in their own replies, which were prepared prior to Expert Risch's deposition. Nor was BART's counsel afforded a reasonable opportunity to test these new opinions at deposition.

The problem of Expert Risch having read the declaration, rather than the report, of Expert Lewnard is not fatal, though it can be raised on cross-examination. Likewise, the problem of never having read any of Expert McClellan's work can be addressed on cross-examination. What *is* fatal, after one forgiveness of lateness, is being late again with a batch of new opinions. The latter are excluded on direct examination of Expert Risch. On cross-examination of Expert Risch, however, if BART's counsel asks a question that implicates matters outside the opposition report, then, of course, the answer of Expert Risch may go beyond the four corners of his report.

Now a warning to BART. At trial, Experts Lewnard and McClellan will be limited on direct examination to what is in their opening reports. If BART's direct examination of Lewnard or McClellan strays beyond the four corners of their reports, then counsel may be allowed equal latitude in their direct examination of Expert Risch. The cross-examination of BART's experts will, of course, be limited to the scope of the direct examination, but not necessarily to the four corners of the witness's report.

In that connection, Expert Risch must testify in plaintiffs' case on rebuttal, *after* Lewnard and McClellan. The opinions contained in Lewnard and McClellan's reply reports must, in turn, be reserved for sur-rebuttal.

**IT IS SO ORDERED.**

Dated: June 21, 2024

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE