UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>    Defendant. | No. C 22-06119 WHA<br>**Consolidated with:**<br>No. C 22-07720 WHA<br>No. C 22-09193 WHA<br><br>**FINAL CHARGE TO THE JURY** |

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

2.

It is your duty to find the facts from all the evidence. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. You will recall that you took an oath promising to do so at the beginning of the case. This means that you must decide the case solely on the evidence before you. Perform these duties fairly.

In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions, or into anything the judge may have said or done, as suggesting what verdict you should return.

3.

I will now instruct you about what is evidence in this case. The evidence from which you are to decide what the facts are consists of:

1. the exhibits that have been received into evidence;
2. the sworn testimony of witnesses who appeared in court, on both direct and cross-examination, regardless of who called the witnesses;
3. the sworn testimony of witnesses in depositions, read into evidence or shown by video; and
4. any facts to which all lawyers have stipulated, meaning agreed upon, before you in court.

4.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. Trial counsel are not witnesses. What they say in opening statements, closing arguments, and elsewhere is not evidence. Your interpretation of the evidence controls.

2. A suggestion in a question to a witness by trial counsel or the judge is not evidence unless it was adopted by the answer of the witness.

3. An objection to a question to a witness by trial counsel or argument in support of an objection is not evidence. If an objection to a question was sustained, meaning not overruled, you must disregard the question and any answer.

4. A document that a witness or trial counsel mentioned but was not admitted into evidence is not evidence.

5. Anything you may have seen or heard when court was not in session is not evidence. Again, you are to decide the case solely on the evidence received at trial.

6. Testimony that was excluded or stricken, or that you were instructed by the judge to disregard, is not evidence and must not be considered.

7. Some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

5.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense. In determining what inferences to draw from evidence, you may consider, among other things, a party's failure to explain or deny that evidence.

6.

The law permits you to give equal weight to direct and circumstantial evidence, but it is for you to decide how much weight to give to any evidence.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced the evidence. The testimony of one witness worthy of belief is sufficient to prove any fact.

7.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see, hear, or know things testified to;
2. the memory of the witness;
3. the manner of the witness while testifying;
4. the interest of the witness in the outcome of the case, and any bias or prejudice;
5. whether other evidence contradicted the testimony of the witness;
6. the reasonableness of the testimony of the witness in light of all evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

8.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have

4

testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

9.

Any witness may be impeached and thus discredited by contradictory evidence or by evidence that, at some other time, the witness has said or done something (or has failed to say or do something) that is inconsistent with the present testimony. If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness the credibility, if any, you think it deserves.

Discrepancies in a witness's testimony, or between a witness's testimony and that of other witnesses, do not necessarily mean that such a witness should be discredited. Inability to recall and innocent misrecollection are common. You should consider whether a discrepancy pertains to an important matter or only to something trivial.

However, a witness willfully false in one part of that witness's testimony is to be distrusted in other parts. You may reject the entire testimony of a witness who has willfully testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors that witness's testimony in other particulars.

10.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

11.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other

1  evidence in the case. If an expert witness was not present at the events in question, his or her
2  opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion
3  during the trial, you should take into account the extent to which you do agree or do not agree
4  with the circumstances assumed by the "expert witness."

12.

All parties are equal before the law and a government entity is entitled to the same fair and conscientious consideration by you as any individual.

13.

You should decide the case as to each plaintiff separately.

14.

In these instructions, I will refer to a "burden of proof." Let me explain. When a party has the burden of proof on any issue, it means you must be persuaded by the evidence of the truth of that party's allegation with respect to that issue. But how persuaded must you be for that party to meet its burden?

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

15.

Title VII

I will now instruct you on the law in this case.

Plaintiffs are suing under the Civil Rights Act of 1964, a federal statute, and more specifically under Title VII of that Act. Under Title VII, it is unlawful for an employer to discharge any person or otherwise discriminate against any person with respect to compensation, tenure, conditions, or privileges of employment on account of such person's religious beliefs. Relevant here, Title VII imposes on all employers an affirmative duty to reasonably accommodate employees' religious beliefs. An employer, however, is not required to accommodate an employee's religious practice or belief if such accommodation would impose an undue hardship on the employer. Undue hardship is therefore an affirmative defense.

16.

You must decide whether each plaintiff has proven his or her prima facie case. To prove a prima facie case, each plaintiff must prove the following three elements by a preponderance of the evidence:

1. He or she had a bona fide religious belief, the practice of which conflicted with an employment requirement, in this case a vaccination requirement;
2. He or she informed BART of that bona fide religious belief and conflict; and
3. BART discharged, threatened, or otherwise subjected him or her to an adverse employment action because of his or her inability to fulfill the job requirement, in this case the vaccination requirement.

If you find that plaintiff did not prove each and every element by a preponderance of the evidence, then you must find for BART on this claim, and the analysis stops for that particular plaintiff.

All agree in this case that Darolyn Turner, Phi Le, and Adrian Gilbert have proven these three points and thus proven their prima facie case.

17.

If you find a plaintiff has proven all of the three elements above, you must go on to the second part of the analysis and determine whether BART has proven by a preponderance of the evidence that it could not reasonably accommodate the plaintiff without undue hardship. If you find that BART has proven that, your verdict on this claim must be for BART. If you find that BART has *not* proven that, your verdict must be for that particular plaintiff.

18.

A hardship is more severe than a mere burden, more than a *de minimis* burden, more than the imposition of some additional cost. Those costs have to rise to the level of a hardship. Undue means that the requisite burden, privation, or adversity is excessive or unjustifiable.

19.

An undue hardship is shown when a burden is substantial in the overall context of an employer's business. If a potential accommodation would threaten the health and safety of co-workers or others, or increase a health and safety risk posed to co-workers or others, then that potential accommodation imposes an undue hardship.

20.

You should not rely on hindsight when making your determinations. With regards to the first and second elements of plaintiff's prima facie case, for example, the question you must answer is whether plaintiff informed BART, at the time of the events, of a bona fide religious belief conflicting with the condition of employment, here vaccination against COVID-19. To answer that question, you must consider the information provided to BART by plaintiffs at the time it made its decision, and other relevant evidence from that time. Similarly, you must

determine if BART has shown that it could not reasonably accommodate the plaintiff without undue hardship at the time the accommodation was sought and denied.

21.

The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that it is unable to reasonably accommodate an employee's religious belief without undue hardship on the conduct of the employer's business.

A belief or practice is "religious" for purposes of Title VII if it is religious in the person's own scheme of things, meaning that the claimed belief occupies the same place in the life of its possessor similar to that filled by a god or deity. This includes moral and ethical beliefs that are sincerely held with the strength of traditional religious views if they are a part of a comprehensive system of beliefs about fundamental or ultimate matters.

Social, political, economic, or secular philosophies are not religious beliefs protected by Title VII. However, overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, so long as that view is part of a religious belief system and is not simply an isolated teaching.

22.

If you determine that BART denied a religious exemption that should have been granted, then you must consider whether BART has proven that it could not reasonably accommodate that plaintiff without undue hardship.

23.

Ordinarily, when a religious accommodation is requested based on a bona fide religious belief, the employer must consider it and must engage in an interactive process with the employee to try to work out a reasonable accommodation that imposes no undue hardship on the employer, if feasible.

However, if an employer can show that no reasonable accommodation was possible without undue hardship, it makes no sense to require that it engage in a futile act. In that event, the employer need not engage in any interactive process.

24.

It was within the legal authority of BART to require (or to not require) all employees to be vaccinated against COVID-19, so long as BART also honored its obligations under Title VII. In this case, you may not second guess BART's policy to require vaccinations. You are required instead to determine whether and the extent to which BART honored its obligations under Title VII as to each plaintiff.

25.

Plaintiffs have brought a separate claim against BART under California's Fair Employment and Housing Act, which also requires employers to reasonably accommodate employees' religious beliefs unless doing so would impose an undue hardship.

For the purposes of this case, all of the issues under the Fair Employment and Housing Act claim are substantially similar to those under Title VII, above. Therefore, your decision as to Title VII will apply equally to plaintiff's Fair Employment and Housing Act claim.

26.

If you find that a plaintiff has proven their prima facie case, and BART has *not* proven that it could not reasonably accommodate the plaintiff without undue hardship, then you must move on to the third part of your analysis, which is damages.

It is the duty of the Court to instruct you about the measure of damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  If you find for any individual plaintiff, it is for you to then determine what damages, if any, that plaintiff has proven.

27.

The party seeking damages (here, the plaintiff) has the burden of proving damages by a preponderance of the evidence.

28.

In determining the measure of damages, if any, you should consider:

1. The reasonable value of wages lost up to the present time; and
2. The reasonable value of wages that with reasonable probability will be lost in the future.

29.

If you find that BART discriminated against a plaintiff based on his or her religion, then you must determine an amount that is fair compensation for that plaintiff's damages.  You may award compensatory damages only for injuries a plaintiff proves were caused by defendant's wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

30.

You may award as actual damages an amount that reasonably compensates a plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, plaintiff would have received had plaintiff not been discriminated against.

You must reduce any award by the amount of the expenses a plaintiff would have incurred in making those earnings.

31.

Any award for future economic damages must be for the present cash value of those damages. Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

32.

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages, such as by getting another job.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and
2. the amount by which damages would have been mitigated.

33.

You may award damages for any pain, suffering or mental anguish that a plaintiff experienced as a consequence of BART's unlawful discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that a

plaintiff prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

34.

I will give you a special verdict form which sets forth the questions you must answer as to each plaintiff. The first question will be whether a plaintiff has proven his or her prima facie case. If so, the second question will be whether BART has proven its undue hardship affirmative defense. Depending on how you answer those questions, the third and final question will be what, if any, damages plaintiff has proven.

35.

That's the end of the law. I will now turn to the final part of the instructions. When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations. Please address the questions in the order listed.

36.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations. The Clerk will also provide you with an index to them, assuming the lawyers have been able to jointly prepare the index.

37.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;

2. An index of the exhibits if the lawyers are able to stipulate as to its form;

3. A work copy of these jury instructions for each of you;

4. A work copy of the verdict form for each of you; and

5. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

The courtroom deputy clerk will be outside the jury room during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically

or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

38.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 7:45 a.m. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

If you do not reach a verdict by the end of the day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the room, they will not even inadvertently see any of your work in progress.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

39.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

40.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.

1    Thank you for your careful attention.  The case is now in your hands.  You may now
2    retire to the jury room and begin your deliberations.

4    **IT IS SO ORDERED.**

6    Dated:

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE