UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ, et al.,<br>    Plaintiffs,<br>v.<br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br>    Defendant. | **Consolidated Cases:**<br>No. C 22-06119 WHA<br>No. C 22-07720 WHA<br>No. C 22-09193 WHA |
| BRADFORD MITCHELL,<br>    Plaintiff,<br>v.<br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, et al.,<br>    Defendants. | **ORDER SETTING TRIAL DATE AND ORDER OF PROOF FOR PHASE ONE PLAINTIFFS** |
| JERAMIAH COOPER, et al.,<br>    Plaintiffs,<br>v.<br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br>    Defendant. | |

The parties' first effort to try phase one of this matter ended in a mistrial. On July 8, 2024, a jury of eight was impaneled, and opening arguments were heard the next day. As laid out in the Court's final pretrial order, the large number of plaintiffs required that the trial proceed in phases. Phase one consisted of seven plaintiffs: Darolyn Turner, Phi Le, Adrian Gilbert, Clifton Harrison, Susan Richardson, Albert Roth, and Rhiannon Doyle. After a week of evidence and roughly two days of deliberation, the jury came to an impasse: while the jury reached a unanimous verdict for each plaintiff as to their prima facie cases, they deadlocked on the issue of BART's affirmative defense. Damages were not considered. After several unsuccessful attempts to overcome the impasse, the Court accepted a partial verdict for each plaintiff on their prima facie case and the jury was discharged. Having stalled on phase one, the jury never reached the plaintiffs whose cases were set to be tried in subsequent phases.

BART's undue hardship affirmative defense and damages must be retried for the seven phase one plaintiffs. In the interest of judicial economy, the parties will be required to proceed along a two-step order of proof: following the impaneling of a new jury, BART's undue hardship affirmative defense, and that issue alone, will be tried to the jury. The jury will then be instructed on BART's affirmative defense and a special verdict on that issue will be submitted to, and returned by, the jury. That will conclude the affirmative defense step. After the affirmative defense special verdict has been returned, the issue of damages will be tried, if necessary, in a subsequent damages step. The jury will then deliberate and return a special verdict on damages, thereby concluding the damages step and phase one of the trial.

In the first trial the phase one plaintiffs testified only once, during their case in chief. Each plaintiff testified in one swoop as to their prima facie case, reasonable accommodations (including their job duties, precautions taken, and so on), and damages. For the purposes of our specially ordered retrial, the phase one plaintiffs will be allowed to take the stand in the affirmative defense step to testify as to their job descriptions, day-to-day duties, safety precautions, and any other testimony *bearing on the issue of reasonable accommodation and undue hardship*. BART will put on its affirmative defense as it did during the first trial. During the affirmative defense step, neither side will be permitted to present any evidence as to damages or plaintiffs' prima facie cases (including religious belief). The jury will be instructed that the prima facie case has been established as to the seven phase one plaintiffs, and that damages do not yet factor. Each side will be afforded a total of 200 minutes to try the affirmative defense step, exclusive of openings and closings.

If BART prevails, phase one will conclude. Should the jury find *against* BART on its undue hardship affirmative defense, we will proceed to the damages step. The parties will be afforded the opportunity to present evidence that goes to damages, including testimony from

plaintiffs regarding the impacts of termination and any damages experts. The jury will then be instructed on damages and allowed to deliberate and return a verdict on that issue. That means that plaintiffs may take the stand twice: first to testify as to reasonable accommodation and undue hardship during the affirmative defense step, and again to testify as to damages during the damages step. The time limits governing the damages step will be determined after the jury's affirmative defense verdict is entered.

This division of issues will be strictly enforced.

Once the necessary special verdicts have been entered for the seven phase one plaintiffs, trial will move as planned to the second (and possibly third) phase, during which the remaining plaintiffs' cases will be tried. The Court may decide, at that time, to require that the order of proof for phase two (and possibly phase three) proceed in a similar stepwise manner.

A trial judge has "wide discretion . . . to control the order of proof" at trial. *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 930 (9th Cir. 2007). "This rule reflects the need for flexibility and judgment on the part of the District Court in response to the particular nature of each case before it." *United States v. Kenny*, 645 F.2d 1323, 1334 (9th Cir. 1981). The FRCP advisory committee's notes, which "guide[ ] our interpretation" of the Rules, "encourage the court to schedule an order of trial that proceeds first with a presentation on an issue that is likely to be dispositive." *Summers*, 508 F.3d at 930. A partial verdict has been entered for the seven phase one plaintiffs on their prima facie cases, and all agree that if BART prevails on its affirmative defense, damages need not be reached. The order of proof outlined above avoids a wide-ranging retrial of issues that may ultimately not be reached.

The pretrial conference is scheduled for **SEPTEMBER 4, 2024, AT 8 AM**. Trial will begin on **OCTOBER 15, 2024, AT 8 AM**.

The parties are further ordered to try again to reach settlement, with either the assigned

3

settlement judge, Judge Kandis Westmore, or the parties' previously selected mediator, Robert McGuiness. The parties shall file a joint report identifying their chosen mediator and mediation schedule no later than **JULY 25, 2024, AT NOON**. The mediation must occur prior to the pretrial conference.

**IT IS SO ORDERED.**

Dated: July 18, 2024



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE