GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG LLP
JAMES M. HANLON, JR., Bar No. 214096
VICTORIA R. NUETZEL, Bar No. 115124
DAWSON P. HONEY, Bar No. 347217
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
jhanlon@glynnfinley.com
vnuetzel@glynnfinley.com
dhoney@glynnfinley.com

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
OFFICE OF THE GENERAL COUNSEL
SAM N. DAWOOD, Bar No. 178862
2150 Webster St., 10th Floor
Oakland, CA 94612
Telephone: (510) 464-6023
Facsimile: (510) 464-6049
sdawood@bart.gov

Attorneys for Defendant
San Francisco Bay Area Rapid Transit District

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ, MARY ENGLER-CONTRERAS, RHIANNON DOYLE, SUSAN RICHARDSON, JOHNATHAN CASTANEDA, JAMES GILHEANY, PHI LI GEMA ESPINOZA-CARR, AVIN CURRY on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100<br><br>Defendants. | **Case No. 3:22-cv-06119-WHA**<br><br>**Related Cases:**<br>**Case No. 3:22-cv-09193-WHA**<br>**Case No. 3:22-cv-07720-WHA**<br><br>**BART'S SUPPLEMENTAL PRETRIAL CONFERENCE STATEMENT**<br><br>**Trial: October 15, 2024**<br>**Pretrial Conf.: September 4, 2024** |

1        Following a mistrial, the Court set these consolidated cases for retrial on October 15, 2024, and scheduled a pretrial conference for September 4, 2024. (Dkt. 151.) BART files this Supplemental Pretrial Conference Statement to address one area of concern with the Court's scheduling order.

        The Court has ordered that the case be retried in phased groupings of plaintiffs, as previously ordered. (Dkt. 151.) The first phase will include seven plaintiffs and address BART's affirmative defense that each plaintiff could not be reasonably accommodated to work while unvaccinated without imposing an undue burden. (*Id.*) The Court has ordered that plaintiffs and defendant will have 200 minutes, respectively, for all witness examination during that phase of the case. (*Id.*)

        BART objects that the 200 minutes allocated are insufficient. The first phase of trial as it proceeded in July is a sound guide. BART completed its witness examinations during that phase of trial in approximately 340 minutes. BART conducted its examinations efficiently, and did not unduly consume jury time. The Court has ordered that retrial will not include two sets of issues that were addressed previously – plaintiffs' prima facie cases (because the Court has entered a partial verdict on those) and damages (which are being bifurcated). Even with the reduced scope, BART will require more than 200 minutes to fairly present its affirmative defense, on which it bears the burden of proof.[1]

        The chart below states BART's anticipated examination time for the applicable witnesses in the first phase, comparing BART's estimated examination time from the prior trial (the transcript records only start and stop times, so only estimates are possible) with the estimated time for the October 15 retrial:

///

///

///

---

[1] This statement and the request herein are without prejudice to BART's pending motion for a new trial (Dkt. 165) and BART's continuing objection to the Court's ruling on its Motion In Limine No. 3 (*see* Dkt. 115 at 4-5).

| Witness | July Trial (Approx.) | October Trial Estimate |
|---|---|---|
| Darolyn Turner | 8 | 7 |
| Phi Le | 10 | 7 |
| Clifton Harrison | 15 | 7 |
| Susan Thomas | 12 | 7 |
| Jacquelyn Jackson | 0 | 0 |
| Albert Roth | 10 | 7 |
| Rhiannon Doyle | 10 | 7 |
| New Plaintiff (Adrian Gilbert has settled) | 10 | 10 |
| Veronica Thomas | 5 | 5 |
| Alaric Degrafinried | 0 | 0 |
| Jeffrey Lau | 15 | 15 |
| Robert Powers | 25 | 25 |
| Shane Edwards | 18 | 18 |
| Rodney Maplestone | 40 | 25 |
| Tera Stokes-Hankins | 12 | 12 |
| Chief Kevin Franklin | 8 | 8 |
| Nancy McClellan | 35 | 35 |
| Dr. Joseph Lewnard | 75 | 75 |
| Dr. Harvey Risch | 30 | 30 |
| Total | 338 | 300 |

This witness list omits Dr. Charles Mahla, Plaintiffs' damages expert.  (BART did not call a damages expert at the prior trial.)   Plaintiffs' exams will be shortened to omit religious belief and damages, but BART must still examine the Plaintiffs concerning their essential job duties and potential accommodations.  BART must likewise present testimony from its own witnesses on those subjects (those witnesses are Lau, Powers, Edwards, Maplestone, Stokes-Hankins, and Franklin – of these, only Maplestone addressed religious belief at the July trial and none

1  addressed damages).  BART will also present largely the same testimony from its public health

2  experts (McClellan and Dr. Lewnard) and conduct a similar cross-examination of Plaintiffs'

3  expert epidemiologist (Dr. Risch).  For BART to receive a fair, adequate opportunity to present

4  its affirmative defense, it must be allotted at least 300 minutes.  Anything less would be

5  prejudicial, as evidenced by the prior trial.

7  Dated:  August 28, 2024

8  GLYNN, FINLEY, MORTL,
   HANLON & FRIEDENBERG, LLP
   JAMES M. HANLON, JR.
9  VICTORIA R. NUETZEL
   DAWSON P. HONEY

11  By: */s/ James M. Hanlon, Jr.*
    Attorneys for Defendant San Francisco
12  Bay Area Rapid Transit District