1  GLYNN, FINLEY, MORTL,
   HANLON & FRIEDENBERG LLP
2  JAMES M. HANLON, JR., Bar No. 214096
   VICTORIA R. NUETZEL, Bar No. 115124
3  DAWSON P. HONEY, Bar No. 347217
   One Walnut Creek Center
4  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
5  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
6  jhanlon@glynnfinley.com
   vnuetzel@glynnfinley.com
7  dhoney@glynnfinley.com

8  SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
   OFFICE OF THE GENERAL COUNSEL
9  SAM N. DAWOOD, Bar No. 178862
   2150 Webster St., 10th Floor
10 Oakland, CA 94612
   Telephone: (510) 464-6023
11 Facsimile: (510) 464-6049
   sdawood@bart.gov
12
   Attorneys for Defendant
13 San Francisco Bay Area Rapid Transit District

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17 TONYA LEWIS-WILLIAMS, RAYMOND )   Case No. 3:22-cv-06119-WHA
   LOCKETT, BRADFORD MITCHELL,   )
   ROSALIND PARKER, RYAN RIVERA, )   Consolidated Cases:
18 SZU CHENG SUN,                )   Case No. 3:22-cv-09193-WHA
                                 )   Case No. 3:22-cv-07720-WHA
19            Plaintiffs,        )
                                 )
20      vs.                      )   BENCH BRIEF RE: NEW POSITIONS
                                 )   NOT REQUIRED AS REASONABLE
21 SAN FRANCISCO BAY AREA RAPID  )   ACCOMMODATIONS
   TRANSIT DISTRICT, and DOES 1-100 )
22                               )   Trial Date:  October 15, 2024
             Defendants.         )   Time: 7:30 a.m.
23                               )
                                 )
24                               )
                                 )
25 _____ )

26

27

28

Defendant San Francisco Bay Area Rapid Transit District ("BART") provides this bench brief to address anticipated testimony and argument that BART could have provided a reasonable accommodation by creating a new job or promoting the Plaintiff to a higher position.

## I. TITLE VII DOES NOT REQUIRE CREATING A NEW JOB OR PROMOTION

It is settled law that "[a] 'reasonable accommodation' has not . . . been held to include creation of a new job." *Wellington v. Lyon County School Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999); *see also Toronka v. Cont'l Airlines, Inc.*, 411 F. App'x 719, 725 (5th Cir. 2011) (stating that "precedent is plain that an employer is not required to create a new job type to accommodate a[n] employee"); *Hoskins v. Oakland Cty. Sheriff's Dep't*, 227 F.3d 719, 730 (6th Cir. 2000) (rejecting the plaintiff's reasonable accommodation argument because "an employer's duty to reassign an otherwise qualified [] employee does not require that the employer create a new job in order to do so"). Courts apply this rule in the Title VII context and hold that "employers are not obligated to create a position to accommodate an employee's religious beliefs." *Barrington v. United Airlines, Inc.*, 566 F. Supp. 3d 1102, 1108-09 (D. Colo. 2021); *see also Robinson v. Children's Hosp. Bos.*, No. CV 14-10263-DJC, 2016 WL 1337255, at *8 (D. Mass. Apr. 5, 2016).

Likewise, an employer is "not required by Title VII to carve out a special exception to its seniority system in order to help [the plaintiff] to meet his religious obligations." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 83 (1977).

## II. FEHA DOES NOT REQUIRE CREATING A NEW JOB OR PROMOTION

Under FEHA, the law is the same: a reasonable accommodation does not require the employer "to create a new job, move another employee, promote the employee, or violate the rights of another employee." *Grantz v. State Farm Mut. Auto. Ins. Co.*, 420 F. App'x 692, 694 (9th Cir. 2011).

Other districts in this circuit have found that:

///

///

///

[R]eassignment "is not required if there is no vacant position for which the employee is qualified." *Cuiellette*, 194 Cal.App.4th at 767, 123 Cal.Rptr.3d 562. The obligation to reassign an employee "does not require creating a new job, moving another employee, promoting the disabled employee, or violating another employee's rights under a collective bargaining agreement." *Furtado*, 212 Cal.App.4th at 745, 151 Cal.Rptr.3d 292. Where an employer does not regularly do so, an employer is not required to create light-duty positions, nor is the employer required to make permanent any temporary positions that were created. *Raine v. City of Burbank*, 135 Cal.App.4th 1215, 1225–26, 37 Cal.Rptr.3d 899 (2006). "What is required is the duty to reassign a disabled employee if an already funded, vacant position at the same level exists." *Cuiellette*, 194 Cal.App.4th at 767, 123 Cal.Rptr.3d 562.

*Taylor v. Trees, Inc.*, 58 F.Supp.3d 1092, 1112 (E.D. Cal. 2014) (quoting *Furtado v. State Personnel Bd.*, 212 Cal.App.4th 729, 745 (2013)); *see also Furtado v. State Pers. Bd.*, 212 Cal. App. 4th 729, 745 (2013) ("A reassignment, however, is not required if 'there is no vacant position for which the employee is qualified.'"). This Court has found that "[r]eassignment is only required if the vacant position is 'at the same level' as the employee's original position, as the employer is not required to promote the [] employee." *Moss v. City & Cnty. of San Francisco*, 714 F. Supp. 3d 1167, 1179 (N.D. Cal. 2024) (quoting *Furtado v. State Pers. Bd.*, 212 Cal. App. 4th 729 (2013)). Just as with Title VII and the ADA, there is no obligation to create a new job, promote an employee, nor transfer an employee to a position that is not available.

## III.    CONCLUSION

The possibility of BART creating new jobs or promoting employees to higher positions has no legal bearing on the availability of reasonable accommodations in this case. The Court should so instruct the jury, including during the presentation of evidence to avoid potential jury confusion.

Dated: October 15, 2024

        GLYNN, FINLEY, MORTL,
        HANLON & FRIEDENBERG, LLP
        JAMES M. HANLON, JR.
        VICTORIA R. NUETZEL
        DAWSON P. HONEY

By: _____
    Attorneys for Defendant San Francisco
    Bay Area Rapid Transit District