UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA LEWIS-WILLIAMS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>    Defendant. | No. C 22-06119 WHA<br><br>Consolidated Cases:<br>C 22-09193 WHA<br>C 22- 07720 WHA |

**FINAL CHARGE TO THE JURY**
**(FOR PHASE ONE)**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

2.

It is your duty to find the facts from all the evidence. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. You will recall that you took an oath promising to do so at the beginning of the case. This means that you must decide the case solely on the evidence before you. Perform these duties fairly.

In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions, or into anything the judge may have said or done, as suggesting what verdict you should return.

3.

I will now instruct you about what is evidence in this case. The evidence from which you are to decide what the facts are consists of:

1. The exhibits that have been received into evidence;
2. The sworn testimony of witnesses who appeared in court, on both direct and cross-examination, regardless of who called the witnesses;
3. The sworn testimony of witnesses in prior proceedings.

4.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. Trial counsel are not witnesses. What they say in opening statements, closing arguments, and elsewhere is not evidence. Your interpretation of the evidence controls.

2. A suggestion in a question to a witness by trial counsel or the judge is not evidence unless it was adopted by the answer of the witness.

3. An objection to a question to a witness by trial counsel or argument in support of an objection is not evidence. If an objection to a question was sustained, meaning not overruled, you must disregard the question and any answer.

4. A document that a witness or trial counsel mentioned but was not admitted into evidence is not evidence.

5. Anything you may have seen or heard when court was not in session is not evidence. Again, you are to decide the case solely on the evidence received at trial.

6. Testimony that was excluded or stricken, or that you were instructed by the judge to disregard, is not evidence and must not be considered.

7. Some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

5.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense. In determining what inferences to draw from evidence, you may consider, among other things, a party's failure to explain or deny that evidence.

6.

The law permits you to give equal weight to direct and circumstantial evidence, but it is for you to decide how much weight to give to any evidence.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced the

3

evidence. The testimony of one witness worthy of belief is sufficient to prove any fact. You should base your decision on all of the evidence regardless of which party presented it.

7.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see, hear, or know things testified to;
2. The memory of the witness;
3. The manner of the witness while testifying;
4. The interest of the witness in the outcome of the case, and any bias or prejudice;
5. Whether other evidence contradicted the testimony of the witness;
6. The reasonableness of the testimony of the witness in light of all evidence; and
7. Any other factors that bear on believability.

8.

Any witness may be impeached and thus discredited by contradictory evidence or by evidence that, at some other time, the witness has said or done something (or has failed to say or do something) that is inconsistent with the present testimony. If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness the credibility, if any, you think it deserves.

Discrepancies in a witness's testimony, or between a witness's testimony and that of other witnesses, do not necessarily mean that such a witness should be discredited. Inability to

4

recall and innocent misrecollection are common. You should consider whether a discrepancy pertains to an important matter or only to something trivial.

9.

However, a witness willfully false in one part of that witness's testimony, is to be distrusted in other parts. You may reject the entire testimony of a witness who has willfully testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors that witness's testimony in other particulars.

10.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the "expert witness."

11.

All parties are equal before the law and a governmental entity, like BART, is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a governmental entity is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a governmental entity is responsible for the acts of its employees, agents, directors, or officers performed within the scope of authority.

12.

In these instructions, I will refer to a "burden of proof." Let me explain. When a party has the burden of proof on any issue, it means you must be persuaded by the evidence of the truth of that party's allegations with respect to that issue. But how persuaded must you be for that party to meet its burden?

When a party has the burden of proof on any claim by preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring the plaintiff and the evidence favoring the defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet its burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

13.

You should decide the case as to each plaintiff separately.

14.

I will now instruct you on the law in this case.

Plaintiffs are suing under the Civil Rights Act of 1964, a federal statute. Under Title VII, it is unlawful for an employer to discriminate against any person on account of, among other things, that person's religious beliefs. If an employee cannot do a job requirement on account of a sincerely held religious belief, then the employer must try to accommodate the employee by adjusting his or her job requirements. An employer, however, is not required to accommodate an employee's religious practice or belief if such accommodation would impose an undue hardship on the employer.

As we have explained, we are bifurcating this trial into two phases, both of which will be for you the jury to decide. I will now instruct you on the law regarding the first phase. Once you return a verdict on phase one, we may move on to phase two, depending on your verdict in phase one.

In the first phase, everyone has agreed that the most sensible way of trying this case is to first try BART's affirmative defense and see if BART has proven by a preponderance of the evidence that it could not reasonably accommodate each plaintiff without undue hardship. This must be decided plaintiff by plaintiff, job by job. We have decided to proceed in this fashion because, ultimately, we believe structuring the case in this manner would be most logical.

15.

It was within the legal authority of BART to require (or to not require) all employees to be vaccinated against COVID-19, so long as BART also honored its obligations under Title VII. In this case, you may not second guess BART's policy to require vaccinations. You are required instead to determine whether and the extent to which BART honored its obligations under Title VII as to each plaintiff. You have heard evidence regarding OSHA rules regarding COVID-19. Even though OSHA did not require employers to adopt a vaccination mandate, employers were free to decide for themselves whether or not to adopt a vaccination requirement for their employees.

16.

You must decide whether BART is correct in its assertion that it could not reasonably accommodate any of the plaintiffs' religious beliefs against the vaccine without an undue hardship. The burden of proof lies with BART in this first phase. That means that if you find that BART carried its burden of proof as to its affirmative defense as to a given plaintiff, then your verdict must be for BART as to that plaintiff. Conversely, if you find that BART did not carry its burden as to a given plaintiff, then you must find against BART for that particular plaintiff. We will proceed to phase two for all such plaintiffs for whom BART loses on the affirmative defense, if any.

17.

I will now instruct you on what BART must prove to establish its affirmative defense of

undue hardship.

While the burden will be on plaintiffs in the second phase to prove that each plaintiff had a bona fide religious belief, for the purpose of this first phase, you must assume each plaintiff had a sincerely held religious belief against being vaccinated. You have heard that some religious exemption requests were denied. For the purposes of this phase one, do not speculate regarding the sincerity of plaintiffs' religious beliefs.

18.

You must determine if BART has shown that a religious accommodation would have imposed an undue hardship upon BART at the time the accommodation was sought and denied based on the circumstances and information then available to BART. BART's burden of proof is by a preponderance of the evidence.

19.

A hardship is more severe than a mere burden, more than a *de minimis* burden, more than the imposition of some additional economic cost. Economic costs have to rise to the level of a hardship. Undue means that the requisite burden, privation, or adversity is excessive or unjustifiable.

20.

An undue hardship is shown when a burden is substantial in the overall context of an employer's business. If a potential accommodation would threaten the health and safety of co-workers or others, or increase a health and safety risk posed to co-workers or others, then that potential accommodation imposes an undue hardship.

21.

The law did not require BART to create a new position or promote the employee in order to accommodate his or her religious beliefs. Nor was BART required to transfer an employee to a position that was not available.

8

22.

Ordinarily, when a religious accommodation is requested based on a bona fide religious belief, the employer must consider it and must engage in an interactive process with the employee to try to work out a reasonable accommodation that imposes no undue hardship on the employer, if feasible.

However, if an employer can show that no reasonable accommodation was possible without undue hardship, based on information available to the employer at the time, the employer need not engage in any interactive process.

23.

Plaintiffs have brought a separate claim against BART under California's Fair Employment and Housing Act, which also requires employers to reasonably accommodate employees' religious beliefs unless doing so would impose an undue hardship.

For the purposes of this case, all of the issues under the Fair Employment and Housing Act claim are substantially similar to those under Title VII, above. Therefore, your decision as to Title VII will apply equally to plaintiff's Fair Employment and Housing Act claim.

24.

That's the end of the law for phase one. I will now turn to the final part of the instructions. When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

25.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations. The Clerk will also provide you with an index to them, assuming the lawyers have been able to jointly prepare the index.

26.

When you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. An index of the exhibits if the lawyers are able to stipulate as to its form;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

27.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your

deliberations by 7:45 a.m. If you do not reach a verdict by the end of today, then you will resume your deliberations Monday and thereafter.

If you do not reach a verdict by the end of the day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the room, they will not even inadvertently see any of your work in progress.

It is very important that you let the courtroom deputy clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

The courtroom deputy clerk will be outside the jury room during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

28.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

29.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the courtroom deputy clerk that you have reached a

verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.

Thank you for your careful attention. Phase one is now in your hands. You may now retire to the jury room and begin your deliberations.

**IT IS SO ORDERED.**

Dated: October 18, 2024

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE