UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA LEWIS-WILLIAMS, et al., | |
| Plaintiffs, | No. C 22-06119 WHA |
| v. | Consolidated Cases: |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | C 22-09193 WHA<br>C 22- 07720 WHA |
| Defendant. | |

**FINAL CHARGE TO THE JURY**

**(FOR PHASE TWO)**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to the second phase of this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

Many of the instructions I gave to you on Friday will also apply to this second phase. Although you may recall some of these instructions, it is vital that you listen attentively to understand how these instructions apply in this latter half of the case.

2.

It is your duty to find the facts from all the evidence. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or

not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. You will recall that you took an oath promising to do so at the beginning of the case. This means that you must decide the case solely on the evidence before you. Perform these duties fairly.

In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions, or into anything the judge may have said or done, as suggesting what verdict you should return.

3.

I will now instruct you about what is evidence in this case. The evidence from which you are to decide what the facts are consists of:

1. The exhibits that have been received into evidence;
2. The sworn testimony of witnesses who appeared in court, on both direct and cross-examination, regardless of who called the witnesses;
3. The sworn testimony of witnesses in prior proceedings; and
4. Evidence in Phase One may be considered by you in this phase two.

4.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. Trial counsel are not witnesses. What they say in opening statements, closing arguments, and elsewhere is not evidence. Your interpretation of the evidence controls.

2. A suggestion in a question to a witness by trial counsel or the judge is not evidence unless it was adopted by the answer of the witness.

3. An objection to a question to a witness by trial counsel or argument in support of an objection is not evidence. If an objection to a question was

sustained, meaning not overruled, you must disregard the question and any answer.

4. A document that a witness or trial counsel mentioned but was not admitted into evidence is not evidence.

5. Anything you may have seen or heard when court was not in session is not evidence. Again, you are to decide the case solely on the evidence received at trial.

6. Testimony that was excluded or stricken, or that you were instructed by the judge to disregard, is not evidence and must not be considered.

7. Some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

5.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

6.

The law permits you to give equal weight to direct and circumstantial evidence, but it is for you to decide how much weight to give to any evidence.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced the evidence. The testimony of one witness worthy of belief is sufficient to prove any fact. You should base your decision on all of the evidence regardless of which party presented it.

7.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see, hear, or know things testified to;
2. the memory of the witness;
3. the manner of the witness while testifying;
4. the interest of the witness in the outcome of the case, and any bias or prejudice;
5. whether other evidence contradicted the testimony of the witness;
6. the reasonableness of the testimony of the witness in light of all evidence; and
7. any other factors that bear on believability.

8.

Any witness may be impeached and thus discredited by contradictory evidence or by evidence that, at some other time, the witness has said or done something (or has failed to say or do something) that is inconsistent with the present testimony. If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness the credibility, if any, you think it deserves.

Discrepancies in a witness's testimony, or between a witness's testimony and that of other witnesses, do not necessarily mean that such a witness should be discredited. Inability to recall and innocent misrecollection are common. You should consider whether a discrepancy pertains to an important matter or only to something trivial.

9.

However, a witness willfully false in one part of that witness's testimony, is to be distrusted in other parts. You may reject the entire testimony of a witness who has willfully testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors that witness's testimony in other particulars.

10.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the "expert witness."

11.

All parties are equal before the law and a governmental entity, like BART, is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a governmental entity is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, or officers performed within the scope of authority.

12.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the

5

issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

13.

You should decide the case as to each plaintiff separately.

14.

I will now instruct you on the law for the second phase in this case.

As you will recall, plaintiffs are suing under the Civil Rights Act of 1964, a federal statute, and more specifically under Title VII, it is unlawful for an employer to discriminate against any person on account of that person's religious beliefs. If an employee cannot do a job requirement on account of a sincerely held religious belief, then the employer must try to accommodate the employee by adjusting his or her job requirements so long as the adjustment imposes no undue hardship on the employer. An employer, however, is not required to accommodate an employee's religious practice or belief if such accommodation would impose an undue hardship on the employer. On Friday, you rendered a unanimous verdict that BART had not proven an undue hardship with respect to each of the six plaintiffs.

With this verdict, we now proceed to phase two of our bifurcated trial. I will now give you an overview of the issues of this second phase and instruct you accordingly.

15.

You must decide whether each plaintiff has proven his or her prima facie case. To prove a prima facie case, each plaintiff must prove the following three elements by a preponderance of the evidence:

1. He or she had a bona fide religious belief, the practice of which conflicted with an employment requirement, in this case a vaccination requirement;

2. He or she informed BART of the bona fide religious and conflict; and

6

3. BART thereafter discharged, threatened, or otherwise subjected him or her to an adverse employment action because of his or her inability to fulfill the job requirement, in this case the vaccination requirement.

If you find that a plaintiff proved each and every element by a preponderance of the evidence, then you must find for that plaintiff. If you find that a plaintiff did not prove each and every element by a preponderance of the evidence, then you must find for BART on this claim.

Both sides agree that Raymond Lockett and Ryan Rivera have proven these three points and thus proven their prima facie case. For them, the only remaining question is the extent of damages, if any, proven by those plaintiffs.

16.

You should not rely on hindsight when making your determinations. With regards to the first and second elements of plaintiff's prima facie case, for example, the question you must answer is whether plaintiff informed BART, at the time of the events, of a bona fide religious belief and how it conflicted with a vaccination against COVID-19. To answer that question, you must consider the information provided to BART by plaintiffs at the time it made its decision, and other relevant evidence from that time. You may not consider evidence that was not provided to BART at or before the time that BART made its decision.

17.

The term "religion" includes all aspects of religious observance and practice, as well as belief.

A belief or practice is "religious" for the purposes of Title VII if it is religious in the person's own scheme of things, meaning that the claimed belief occupies the same place in the life of its possessor similar to that filled by a god or deity. This includes moral and ethical beliefs that are sincerely held with the strength of traditional religious views if they are part of a comprehensive system of beliefs about fundamental or ultimate matters.

Social, political, economic, or secular philosophies, however, are not religious beliefs protected by Title VII.  However, overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, so long as that view is part of a religious belief system and is not simply an isolated teaching.

18.

If you find that a plaintiff has proven their prima facie case, and that BART has not proven that it could not reasonably accommodate the plaintiff without undue hardship (as you decided in the first phase), you must then move on to the third party of your analysis, which is damages.

It is the duty of the Court to instruct you about the measure of damages.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by BART.

If you find for any individual plaintiff, it is for you to then determine what damages, if any, that plaintiff has proven.  Everyone agrees that plaintiffs Raymond Lockett and Ryan Rivera have proven their prima facie case and for them the only issue is the extent of damages, if any, proven by them.

19.

The party seeking damages (here, the plaintiff) has the burden of proving damages by a preponderance of the evidence.

20.

If you find that BART discriminated against a plaintiff based on his or her religion, then you must determine an amount that is fair compensation for that plaintiff's damages.  You may award compensatory damages only for injuries a plaintiff proves were caused by BART's wrongful conduct.

21.

You may reward as actual damages an amount that reasonably compensates a plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, plaintiff would have received had the plaintiff not been discriminated against.

You must reduce any award by the amount of the expenses a plaintiff would have incurred in making those earnings.

22.

Any award for future economic damages must be for the present cash value of those damages.  Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would be received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

23.

A plaintiff has and had a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages, such as getting another job.

The defendant has the burden of proving by a preponderance of the evidence:

1.  That the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  The amount by which damages would have been mitigated.


24.

You may award damages for any pain, suffering or mental anguish that a plaintiff experienced as a consequence of BART's unlawful discrimination.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these

elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. On the other hand, the law does not require that a plaintiff prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

25.

I will give you a special verdict form which sets forth the questions you must answer as to each plaintiff. The first question will be whether a plaintiff has proven his or her prima facie case. Depending on how you answer that question, you will move to the final question: what, if any, damages has plaintiff proven?

26.

That's the end of the law. I will now turn to the final part of the instructions. The foreperson you elected for the first phase of trial will preside over the deliberations and speak for you here in Court for this second phase.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having

1  made your own conscientious decision.  Do not change an honest belief about the weight and
2  effect of the evidence simply to reach a verdict.
3      I will give you a special verdict form to guide your deliberations.  Please address the
4  questions in the order listed.

27.

7      Some of you have taken notes during the trial.  Whether or not you took notes, you
8  should rely on your own memory of what was said.  Notes are only to assist your memory.
9  You should not be overly influenced by the notes.  When you go into the jury room, Angie, the
10 courtroom deputy, will bring in to you the trial exhibits received into evidence to be available
11 for your deliberations.  Angie will also provide you with an index to them, assuming the
12 lawyers have been able to jointly prepare the index.

28.

14 As I noted before the trial began, when you retire to the jury room to deliberate, you will
15 have with you the following things:

1. All of the exhibits received into evidence;
2. A work copy of these jury instructions for each of you;
3. A work copy of the verdict form for each of you; and
4. An official verdict form.

29.

22 When you recess at the end of a day, please place your work materials in the brown
23 envelope provided and cover up any easels with your work notes so that if my staff needs to go
24 into the jury room, they will not even inadvertently see any of your work in progress.
25 Angie will be outside the jury room during your deliberations.  If it becomes necessary
26 during your deliberations to communicate with me, you may send a note through Angie, signed
27 by your foreperson or by one or more members of the jury.  No member of the jury should ever
28 attempt to communicate with me except by a signed writing, and I will respond to the jury

concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

30.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 7:45 a.m. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

If you do not reach a verdict by the end of the day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the room, they will not even inadvertently see any of your work in progress.

It is very important that you let Angie know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

31.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

32.

After you have reached a unanimous agreement on a verdict as to all the plaintiffs, your foreperson will fill in, date and sign the verdict form and advise the Court that you have

12

reached a verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.

Thank you for your careful attention.  The case is now in your hands.  You may now retire to the jury room and begin your deliberations.

**IT IS SO ORDERED.**

Dated:

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE