1  GLYNN, FINLEY, MORTL,
   HANLON & FRIEDENBERG LLP
2  JAMES M. HANLON, JR., Bar No. 214096
   VICTORIA R. NUETZEL, Bar No. 115124
3  DAWSON P. HONEY, Bar No. 347217
   One Walnut Creek Center
4  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
5  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
6  jhanlon@glynnfinley.com
   vnuetzel@glynnfinley.com
7  dhoney@glynnfinley.com

8  SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
   OFFICE OF THE GENERAL COUNSEL
9  SAM N. DAWOOD, Bar No. 178862
   2150 Webster St., 10th Floor
10 Oakland, CA 94612
   Telephone: (510) 464-6023
11 Facsimile: (510) 464-6049
   sdawood@bart.gov

12

   Attorneys for Defendant
13 San Francisco Bay Area Rapid Transit District

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16

| TONYA LEWIS-WILLIAMS, RAYMOND LOCKETT, BRADFORD MITCHELL, ROSALIND PARKER, RYAN RIVERA, SZU CHENG SUN, | Case No. 3:22-cv-06119-WHA |
|---|---|
| Plaintiffs, | **Consolidated Cases:**<br>**Case No. 3:22-cv-09193-WHA**<br>**Case No. 3:22-cv-07720-WHA** |
| vs. | **BENCH BRIEF RE: UPCOMING MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL (FRCP 50, 59)** |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100 Defendants. | **Trial Date: October 15, 2024**<br>**Time: 7:30 a.m.** |

Pursuant to the Court's instruction, Defendant San Francisco Bay Area Rapid Transit District ("BART") files this bench brief to provisionally describe the bases of its upcoming Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial. BART's FRCP 50 motion was deemed brought and preserved prior to the jury's return of its Phase I verdict.

During Phase I, BART met its burden of proof that no Plaintiff could be reasonably accommodated without an undue hardship as a matter of law:

First, BART established that it made accommodation decisions based on public health guidance that vaccination was the most effective means to protect against transmission of SARS-CoV-2, and that other interventions increased the risk posed by COVID-19, then circulating in the Delta and Omicron variants, which caused the highest rates of infections and hospitalization during the entire pandemic. Under the controlling law, as stated in Jury Charge 20 (Dkt. 206-1), BART was not required to offer an accommodation that increased health or safety risk. The evidence was unrebutted that BART received, and acted on, public health guidance that permitting unvaccinated workers to continue to work in person would do just that.

BART also presented expert testimony from Dr. Joseph Lewnard, an infectious disease epidemiologist, and Nancy McClellan, an industrial hygienist. These witnesses seconded the public health guidance received by BART that permitting Plaintiffs to continue to work at its facilities while unvaccinated would have increased the health and safety risk for others present.

Faced with this evidence, <u>Plaintiffs made no showing of contrary public health guidance and made a strategic decision not to call their opposition expert, epidemiologist Dr. Harvey Risch</u>, leaving BART's evidence unrebutted. On this record, there was no triable issue for the jury concerning whether BART met its burden to establish that, based on what was known and advised at the relevant time, in-person work could not be accommodated without imposing an undue hardship, specifically an increased health and safety risk for others.

Second, BART introduced evidence that Plaintiffs could not perform their essential job duties remotely. Rather, the jobs these Plaintiffs held had to be performed in person, meaning at a BART facility. Plaintiffs did not dispute this evidence.

BART thus established that Plaintiffs could not work in person without imposing an undue hardship and could not perform their essential job duties remotely.  Plaintiffs sought to pivot late in trial to an argument that BART should have accommodated them through unpaid leave.  The trial evidence established that during the relevant time period, October 2021 through February 2022, the employee vaccine requirement was understood to be a continuing condition of employment.  In other words, BART did not know if, or when, the employee vaccine requirement would be repealed.  Hence, any Plaintiff placed on unpaid leave as an accommodation to retain their employment without being vaccinated would have been on <u>indefinite</u> leave, meaning without a known or fixed end date.  It is settled law, however, that indefinite leave is not a reasonable accommodation. *E.g.*, *Makor v. Burlington N. Santa Fe Ry. Co.*, 680 Fed. Appx. 542, 544 (9th Cir. 2017) ("Job-protected leave for a fixed period can be an accommodation, but indefinite leave is not reasonable as a matter of law.") (applying California law under FEHA); *LeBarron v. Interstate Group, LLC*, 529 F. Supp. 3d 1163, 1172 (D. Nev. 2021) ("[T]he ADA does not require an indefinite, lengthy, unpaid leave of absence especially when the employer does not know when the employee will be able to return to duty." (internal quotation omitted)); *Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003) (same).  As a matter of law, BART was not required to provide a Plaintiff with an indefinite leave of absence so that they could retain their job without being vaccinated.

There was thus no evidentiary basis for a Phase I verdict for Plaintiffs.  Unrebutted evidence established that no accommodation could be extended to permit Plaintiffs to work in person without imposing undue hardship (*i.e.*, increased health and safety risk).  Unrebutted evidence also established that Plaintiffs could not perform their essential job duties remotely.  And an indefinite leave of absence was not a reasonable accommodation as a matter of law.

BART will present the foregoing issues and other appropriate grounds under Rules 50 and 59 in its forthcoming motion.

///

///

///

- 4 -

1  Dated: October 21, 2024

2  GLYNN, FINLEY, MORTL,
   HANLON & FRIEDENBERG, LLP
3  JAMES M. HANLON, JR.
   VICTORIA R. NUETZEL
4  DAWSON P. HONEY

5  By: /s/ *James M. Hanlon, Jr.*
      Attorneys for Defendant San Francisco
6     Bay Area Rapid Transit District