| | |
|---|---|
| 1 | GLYNN, FINLEY, MORTL, HANLON & FRIEDENBERG LLP |
| 2 | JAMES M. HANLON, JR., Bar No. 214096<br>VICTORIA R. NUETZEL, Bar No. 115124 |
| 3 | DAWSON P. HONEY, Bar No. 347217<br>One Walnut Creek Center |
| 4 | 100 Pringle Avenue, Suite 500<br>Walnut Creek, CA 94596 |
| 5 | Telephone: (925) 210-2800<br>Facsimile: (925) 945-1975 |
| 6 | jhanlon@glynnfinley.com<br>vnuetzel@glynnfinley.com |
| 7 | dhoney@glynnfinley.com |
| 8 | SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT<br>OFFICE OF THE GENERAL COUNSEL |
| 9 | SAM N. DAWOOD, Bar No. 178862<br>2150 Webster St., 10th Floor |
| 10 | Oakland, CA 94612<br>Telephone: (510) 464-6023 |
| 11 | Facsimile: (510) 464-6049<br>sdawood@bart.gov |
| 12 | |
| 13 | Attorneys for Defendant<br>San Francisco Bay Area Rapid Transit District |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA LEWIS-WILLIAMS, RAYMOND LOCKETT, BRADFORD MITCHELL, ROSALIND PARKER, RYAN RIVERA, SZU CHENG SUN,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100<br><br>Defendants. | Case No. 3:22-cv-06119-WHA<br><br>Consolidated Cases:<br>Case No. 3:22-cv-09193-WHA<br>Case No. 3:22-cv-07720-WHA<br><br>**SUPPLEMENTAL BRIEF RE: MOTION FOR JUDGMENT AS A MATTER OF LAW (FRCP 50) OR, IN THE ALTERNATIVE, FOR A NEW TRIAL (FRCP 59)** |

Pursuant to the Court's order (Doc. 243), Defendant San Francisco Bay Area Rapid Transit District ("BART") submits the following supplemental briefing.[1]

**Question 1: May the Court order a new trial if there was a plain error in the jury instructions?**

Yes. Federal Rule of Civil Procedure 51(d)(2) states: "A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." The Ninth Circuit has recognized this rule. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014). The Ninth Circuit directs district courts to consider three criteria: "whether (1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights." *Id.* at 1018. In the civil context, it is appropriate "to consider the costs of correcting an error, and – in borderline cases – the effect that a verdict may have on nonparties." *Id.* The decision is discretionary, and action should be taken "if the error substantially affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1018-19. *See also Hoard v. Hartman*, 904 F.3d 780, 787 (9th Cir. 2018) (reversing denial of new trial due to plain error in jury instruction).

**Question 2: What was the sequence in which Plaintiffs raised indefinite leave as a potential accommodation?**

In opening statement, Plaintiffs mentioned leave only with respect to Tonya Lewis-Williams, asserting that BART was hasty in terminating her employment because she was on leave and not working with other BART employees. (*E.g.*, Tr. 202, 205 ("For Ms. Lewis Williams, who had not been at BART, was not going to be at BART in the near future because she was on leave, there was no honest, genuine, good faith examination of her request.").) Plaintiffs did not address indefinite leave as a potential accommodation beyond Lewis-Williams's particular circumstances.

---

[1] By addressing these issues, BART does not concede any of the positions or issues set forth in its briefing and at argument, including, but not limited to, opposing assertions that its Rule 50 motion is limited to law expressly stated in the jury instructions, that its Rule 50 motion is based on error in the jury instructions, or that it waived any error in the jury instructions, should they be germane to its motion.

1         Plaintiffs continued to focus on Lewis-Williams during BART's presentation of evidence. In letters to the Plaintiffs addressing potential accommodation, BART addressed a short-term leave of absence. (Ex. 383 at 2.) BART informed the Plaintiffs that a temporary leave of absence, such as for three or four months, was not a reasonable accommodation: "Granting a temporary leave of absence (paid or unpaid) would be unreasonable as vaccination status would not be expected to change during the period of leave." (*Id.*) Plaintiffs cross-examined Rodney Maplestone about this document (Tr. 495-498), but addressed only a short-term leave. Plaintiffs did not question Maplestone about indefinite leave, and concluded their examination by tying the issue back to Lewis-Williams.[2] (Tr. 498, 501-502.)

         Plaintiffs did not seek to extend unpaid leave as a potential accommodation past Lewis-Williams until the last day of the Phase I trial, after the jury charging conference. Raymond Lockett testified that he had previously been on leave for 17 months due to a medical issue. (Tr. 635-36.) BART objected on relevance. (*Id.*) For the first time, Plaintiffs told the Court they were asserting long-term, unpaid leave as a potential accommodation. (Tr. 636-37.) Plaintiffs then elicited testimony from Ryan Rivera that he took unpaid leave "several times" (without specifying the duration) and was aware of other employees taking leave for as long as two or three years. (Tr. 646-47.)

         In their Phase I closing argument, Plaintiffs again focused on Lewis-Williams: "They would not accommodate Ms. Lewis-Williams even though they could have left her there at her home without risk to the public." (Tr. 750; *see also* Tr. 752 ("They never planned to accommodate anyone as shown by the fact that they would not even accommodate someone who was out on leave."), 753 ("It is clear that nothing was good enough for BART, even if you are not on the premises, even if you were away at home on leave far from a BART location. If being away from BART still got you fired, how was anyone ever going to get accommodated? Tonya Lewis-Williams was terminated even though she actually was on leave away from BART.").)

---

[2] Plaintiffs also asked Roland Fowlks, BART's Manager of Logistics, whether he'd ever had employees take a leave of absence greater than a year; Fowlks testified that he had no knowledge of so long a leave. (Tr. 557.) He testified that he was aware of employees taking family leave for periods such as six months. (Tr. 558.)

Plaintiffs suggested that the termination of Lewis-Williams while on leave was evidence of BART being unreasonable.

The issue of long-term unpaid leave thus did not surface until the last day of the Phase I trial, after the jury charging conference. It was addressed by two plaintiff witnesses, but the references in closing argument were limited to the circumstances of Lewis-Williams, and offered as an example of BART's unreasonableness, rather than as an accommodation that should have been extended to all the Plaintiffs.

**Question 3: If the Court orders a new trial under FRCP 59, would that order be immediately appealable under 28 U.S.C. § 1292(b)?**

Generally, an order granting a new trial is considered an interlocutory order and not immediately appealable. *Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F2d 670, 671 (9th Cir. 1985).

28 U.S.C. section 1292(b), permits interlocutory appeal of district court orders under limited circumstances. Three criteria must be established: (1) there must be "a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The Ninth Circuit has applied Section 1292(b) to reach the merits of an appeal challenging a district court's order to grant a new trial. *Cortez v. Chipotle Mexican Grill, Inc.*, Nos. No. 19-56354, 20-55153, 2021 WL 3214765 (9th Cir. 2021); *see also ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022) (considering Section 1292(b) interlocutory appeal of grant of new trial conditioned on remittitur).

As a matter of procedure, if the statutory criteria are met, a court may issue an order under 28 U.S.C. section 1292(b) certifying interlocutory appeal of an order granting new trial. That said, BART is not aware of any "controlling issue of law … as to which there is substantial ground for difference of opinion" in this case. Rather, the law that applies here is settled, including, as discussed above, the Court's right to take action to correct plain error.

///

Dated: December 11, 2024

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
JAMES M. HANLON, JR.
VICTORIA R. NUETZEL
DAWSON P. HONEY


By: /s/ *James M. Hanlon, Jr.*
Attorneys for Defendant San Francisco
Bay Area Rapid Transit District