Kevin T. Snider, CA State Bar No. 170988
  *Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org;
       mmcreynolds@pji.org;
       mmatchak@pji.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA LEWIS-WILLIAMS, et al., | Case No.: 3:22-cv-06119-WHA |
| Plaintiffs, | |
| v. | **PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO BART'S MOTION FOR JUDGMENT AS A MATTER OF LAW [FRCP 50] AND MOTION FOR A NEW TRIAL [FRCP 59]** |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | |
| Defendant. | |
| BRADFORD MITCHELL, | |
| Plaintiff, | **RELATED CASES** |
| v. | Case No.: 3:22-cv-07720-WHA |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, et al. | |
| JERAMIAH COOPER, et al., | |
| Plaintiffs, | Case No.: 3:22-cv-09193-WHA |
| v. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | |

PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO BART'S MOTION FOR NEW TRIAL

**INTRODUCTION**

At the hearing held the morning of December 11 on BART's FRCP 50 and 59 Motions, questions were raised about the implications of FRCP 51(d)(2) and 28 U.S.C. § 1292(b). The parties were afforded until 10:00 p.m. the same day to submit supplemental briefing.

As the Plaintiffs understood the colloquies, the Court is seeking briefing on (1) whether FRCP 51 supports BART's attempts to now advance a jury instruction that was omitted without objection; and (2) whether an order granting a new trial would be immediately appealable under 28 U.S.C. § 1292. Plaintiffs explain below that the first questions should be answered in the negative, while determination of the second question the Ninth Circuit would be arguable but unpredictable.

**ARGUMENT**

**I. BART's new argument for an additional jury instruction does not meet the exceptional threshold of FRCP 51(d)(2).**

Although not previously briefed, FRCP 51(d)(2) was raised at today's hearing as a possible avenue by which BART could seek a jury instruction that was omitted from the second trial without objection.[1]

FRCP 51(d)(2) provides, "A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." The plain error standard under FRCP 51(d)(2) is of relatively recent origin, having been adopted in 2003, and is applied more strictly against those claiming it in the civil context than in the criminal

---

[1] After drafting this supplemental brief, Plaintiffs' counsel reviewed BART's supplemental brief filed late afternoon. BART expends much of its space on trial testimony with regards to unpaid leave, arguing that Plaintiffs presented evidence and mentioned it in opening statement. Of course, BART had ample opportunities after opening statement and before the charge was read to the jury to request that the Court reinsert the instruction relative to leave, assuming such a charge was even warranted. That aside, the Plaintiffs understood the Court to be seeking legal authority on the federal rules and statutes raised for the first time at the hearing. Without at all conceding indefinite or unpaid leave as either a legal or factual issue, Plaintiffs will therefore focus on the two legal questions presented herein.

PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO BART'S MOTION FOR NEW TRIAL

1

context from whence it came. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). The amendment was adopted to capture the rule that had emerged in many Circuits that non-preserved errors in jury instructions could be reviewed in exceptional circumstances. *Id*. The Advisory Committee notes point the courts to consider the obviousness of the mistake, the importance of the error, the costs of correcting the mistake, and the effect on non-parties. *Id*. at 1017. In the civil context, though, the Ninth Circuit has cautioned that only errors reaching the "pinnacle of fault" should be reconsidered. *Id*. at 1018. While the rule is discretionary, the courts should exercise that discretion only to correct miscarriages of justice, namely, errors that seriously impaired the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 1019.

Here, integrity and fairness counsel the opposite of what BART now argues. Plaintiffs also found themselves caught in a serious dilemma over a key jury instruction on undue hardship, No. 19 in the first trial. To this day, Plaintiffs do not know how they initially stipulated to language that relies largely on non-binding and out-of-jurisdiction decisions that do not well reflect this Circuit's approach. The Court nevertheless made clear that Plaintiffs could not correct their error. When the second trial appeared to present a new opportunity to revisit the question, the Court's August 31 Order was unequivocal, and should be equally applied now:

> Plaintiffs' objection is also untimely. Plaintiffs' counsel state that their six-page brief is intended to "supplement" the oral objection to the undue hardship instruction they made during the charging conference, and thus merely "provide[s] additional clarification of Plaintiffs' position" (Dkt. No. 168 at 2). The specific additions and modifications now being sought were not raised during the charging conference. Similarly, three of the four arguments now advanced in support of those modifications were not raised.

The Court's July 11 notice of the charging conference stated:

> [C]ounsel must, at the charging conference, bring to the judge's attention any addition, subtraction or modification or other objections or proposal for the jury instructions. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after the verdict that a proposed instruction (even if stipulated) filed earlier in the

> proceedings somehow was not adopted. Rather, any such proposal that counsel still cares about must be raised anew at the charging conference. The charging conference shall be conducted so as to give full and fair opportunity for counsel to raise any and all objections and proposals.
>
> (Dkt. No. 138 at 1-2) (emphasis added). Plaintiffs raised their objection to the undue hardship instruction at the charging conference and had ample opportunity to make every argument available to them. This belated attempt at another bite, seven weeks after the charging conference and the first trial, comes too late. To be clear: the Court will not entertain any further objections to the final charge, novel, supplementary, or otherwise. The final charge is just that – final.

Dkt. No. 172 at p. 7. In light of this Court's prior adverse rulings against Plaintiffs on other important jury instructions, in unequivocal terms, it would be a miscarriage of justice if a more favorable standard were afforded to the defense which unlike Plaintiffs did not object. At a minimum, BART's earlier oversight is not one of exceptional importance warranting a departure from ordinary procedural rules.

**II. While a new trial is unwarranted, such an order may be certifiable as appealable, but the Ninth Circuit's receptivity to it would be uncertain.**

28 U.S.C. §1292(b) provides:

> When a District Judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A leading precedent in this area explains that finality is a jurisdictional limitation, to which §1292(b) is a narrow exception. *Couch v. Telescope, Inc.,* 611 F.3d 629, 633 (9th Cir. 2010). The burden will be on the party pursuing the interlocutory appeal. *Id.* Such factors include Circuit splits and matters of first impression; however, even these circumstances do not guarantee certification will be allowed as it is not undertaken lightly. *Id.* at 635 (rejecting certification of interlocutory appeal despite district court's comity concerns).

PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO BART'S MOTION FOR NEW TRIAL

3

Should an interlocutory appeal become necessary, Plaintiffs would undoubtedly pursue it vigorously and might be able to identify compelling Circuit splits or issues of first impression. But based on the foregoing precedent, the Court should be aware that the certification of §1292(b) does not mean the Ninth Circuit will accept the appeal or agree with the District Court's or appellant's views of its importance. Granting a motion for new trial could very well mean just that: the third trial of this case, with all the attendant costs and consequences.

**CONCLUSION**

The foregoing adds to the reasons why BART's FRCP 50 and 59 motions should be denied. BART cannot meet the high threshold for showing that its failure to object to an omitted jury instruction should be treated as exceptionally important, and to be treated much more favorably than the Plaintiffs' similar request supported by proper objection. Nor can there be any degree of certainty that, if the Court grants a new trial, such order would be immediately appealable.

Respectfully submitted this 11th day of December 2024,

/s/ Matthew B. McReynolds
Kevin T. Snider, Counsel of Record
Matthew B. McReynolds
Milton E. Matchak
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Emails: ksnider@pji.org; mmcreynolds@pji.org; mmatchak@pji.org

PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO BART'S MOTION FOR NEW TRIAL

4